The primary subject of the controversy in which these fees were incurred was the office of administratrix. Her right and duty to defend that office were not lessened by the incident that the facts necessarily shown in defense of her office were also conclusive upon other rights and interests personal to herself. If an administrator is ordinarily to be allowed compensation for his expense in maintaining the office solely because he ought to keep it, why should the concurrence of selfish incentive for doing his manifest duty make that duty any less? The reasoning upon which this allowance is resisted would make it impossible ever to indemnify any person rightfully holding the office for any expense incurred in defending his right thereto, for it is difficult to conceive of an office the incumbent of which is not entitled to compensation for the discharge of his trust.

The Case of Ordway, 196 N. Y. 95, 89 N. E. 474, contains nothing against the claim of the administratrix and much to justify her claim. The counsel fees there considered were not incurred in defense of the office. They arose in defending an action brought against the estate in which the right of the administratrix as such was necessarily confessed. It was there held that the administratrix was entitled to reimbursement for counsel fees paid for a service which was incidentally for her own selfish benefit so long as such service was not unduly prolonged "to the time when any further defense in the interest of the estate became manifestly unnecessary." The difference between the cases is vital. Here the administratrix made a defense which under the law was proper. If it were ever proper, its propriety continued until it ended in success. It therefore never could become unnecessary. In the case cited the defense to the action was proper only so long as it continued to be necessary. Moreover, the court there held that the expenditures made before it appeared that the defense was unnecessary to the interests of the estate were properly allowable to the administratrix.

This was a clear recognition that disbursements, in their nature chargeable to the estate, are not less chargeable, because they also serve the personal interest of the administrator who makes them.

The items of credit claimed in the account for professional services of counsel are allowed.

Decreed accordingly.

(80 Misc. Rep. 612.)

### In re TITCOMB.

(Surrogate's Court, Kings County. May, 1913.)

1. TRUSTS (§ 227*)—ACCOUNTING—REMOVAL OF TRUSTEE—ATTORNEY FEES.

A trustee under a will is entitled to an allowance for counsel fees paid in resisting removal only when the expenditure is for the benefit of the trust estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 324; Dec. Dig § 227.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Trusts (§ 227*)—Accounting—Proceedings for Removal—Expenses.

Where a trustee rightfully resists removal, and there was no ground ·for attack upon him at the commencement of the removal proceedings, he is entitled to an allowance for counsel fees and expenses paid by him in such proceeding, but not where at the· commencement of the proceeding he was subject to criticism for an unauthorized investment justifying his removal, and pending the proceeding converts the investment into money without loss to the estate and thus eliminates the ground for criticism; the fact that he prevailed in the proceeding not entitling him to such allowance.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 324; Dec. Dig. § 227.*]

Judicial settlement of the account of George W. Titcomb, as sole surviving trustee under the last will and testament of Daniel J. Runyon, deceased. Decreed according to opinion.

Jones, McKinny & Steinbrink, of Brooklyn (Meier Steinbrink, of Brooklyn, of counsel), for trustee.

Henry G. K. Heath, of New York City, for Ralph C. Runyon, contestant.

Shepard & Houghton, of New York City, for Bertram S. Teeter and other legatees, contestants.

Morris Cohen, of Brooklyn, special guardian for Josephine M. Randolph, an incompetent.

KETCHAM, S. [1] The only theory upon which allowance can be made to an executor or trustee for counsel fees paid by him in resisting an effort to remove him from office is that the expenditure was made in the course of administration, and was made for the benefit of the estate.

[2] That the office is valuable to the incumbent and that his personal interests are concerned in maintaining it is of secondary significance if it be shown by the event that the officer was justly entitled to retain his office. If it be found that he rightfully resisted removal, it must follow that his resistance was made not only in the exercise of a personal right, but in the pursuit of a duty, and any outlay made in the discharge of an obligation to the estate must be regarded as an expense which the estate should bear. The allowance is not to be made merely because the party seeking it has succeeded in avoiding removal.

The test must be applied to the situation of the accused officer at the time of the commencement of the proceeding. If, then, there was no ground for the attack upon him, his disbursement made in a successful endeavor to show that no such ground existed should be allowed as an incident to his discharge of a legal duty to the estate. But if at the commencement of the proceeding he was subject to criticism such as would justify his removal, and pending the proceeding he has so dealt with the estate that the conditions upon which the criticism depended no longer exist, he should be denied indemnity for his outlays. This is illustrated by the case in which an executor whose circumstances are such that they do not afford safety to the fund in his

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge escapes removal by giving the bond permitted by the statute. In such instances reimbursement for counsel fees incurred in the removal proceeding should doubtless be refused.

In the case at bar the trustee made an investment in the bonds of an industrial corporation, secured by the usual mortgage to a trustee. During the trial in which the facts of this investment were shown and its unlawfulness was asserted, the trustee sold the bonds without loss, and reported that he had received and held the proceeds in place of the bonds. The estate was thus shown to be secure and the application for removal was denied. If the investment was unauthorized, the proceeding was authorized, and its defense could not have been originally in the interest of the estate. The only duty which rested upon the accountant, if his holding was unlawful, was to confess his error as soon as it was challenged. Failing this, none of the services of counsel in the proceeding were rendered for the benefit of the estate.

Hence, there can be no allowance to the trustee for fees incurred in the proceeding, if by reason of his having improperly applied the moneys of the estate or invested the same in securities unauthorized by law he was at the time of the commencement of the proceeding unfit for the due execution of his office. Not only were these bonds a form of security unauthorized by law, but in the taking of them the interests of the estate were subordinated to other interests. So much of the items of counsel fees as were incurred in the removal proceeding must therefore be disallowed. This ruling must also extend to the credits for sums paid to the real estate expert for appraisal and testimony. The expert's services were primarily directed to the defense of the removal proceeding, and it is not shown that they were required by any general need of the estate. The legal services rendered to the trustee in the general care of the estate are found to have been worth $150, and this sum is allowed.

The objection to the reduction of interest on the $30,000 mortgage from 5½ to 5 per cent. is not supported by evidence. The trustee's account reports the reduction, and, unless objectants sustain the burden of showing its impropriety, the account in this regard must prevail.

Decreed accordingly.