### HECKEMANN *v.* YOUNG *et al.*

(*Supreme Court, General Term, First Department.* March 29, 1889.)

JUDGMENT—MERGER—JOINT DEBTORS.

In an action against two joint debtors, both of whom were served with process, one confessed judgment, and, the other being in default, judgment was entered against both. The judgment was afterwards set aside as to the defendant in default, on his motion, and leave to answer given. *Held*, that the judgment, having been regularly entered against both defendants, and set aside as to one of them, so as to allow him to present a then existing defense, was not a judgment entered against one of two joint debtors, so as to merge the joint debt and release the other debtor.

Exceptions from circuit court, New York county.

Action by Pauline Heckemann, trading under the name of Johannes Heckemann, against George W. Adams and David B. Young, to recover a sum of money. A judgment by default against Young, and by consent against Adams, was set aside as to defendant Young, and the complaint afterwards dismissed as to him.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Gilbert R. Hawes*, for plaintiff. *A. Edward Woodruff*, for defendant.

BRADY, J. This action was founded upon a claim against George W. Adams and David B. Young, composing the firm of Adams & Young. Both defendants appeared, but by separate attorneys. After an amendment of the complaint the defendant Adams withdrew his answer in writing, and consented to the entry of judgment by default, and, the defendant Young having failed to answer, a judgment was entered against both. Subsequently the defendant Young moved to open the default as to him, and an order was made vacating that judgment accordingly, and giving him leave to answer. He answered by setting up the judgment from which he asked to be relieved as regularly entered against his copartner, Adams, and claimed that thereby the joint debt which the action was brought to recover became merged in the judgment, and created a bar to any further proceedings thereupon against him.

This proposition was considered controlling, and the complaint was dismissed as to Young. The respective counsel have elaborately considered the effect of entering a judgment against one partner in an action in which both are served; but it is not necessary to follow this line of thought, inasmuch as the facts do not warrant the discussion. They do not present that question in any form. The judgment was not entered against one of the two joint debtors. It was entered regularly against both. It was opened for one on his application—the plaintiff opposing—and for the purpose of enabling him to answer, and thus establish, if he could, his non-liability for the asserted claim. This was not the voluntary act of the plaintiff in any sense, and does not involve any principle of election or the waiver of any right. The order of the court is not absolute or final in its character, and was not intended so to be, inasmuch as it provided for the answer of the defendant, and contemplated the presentation of a defense existing when the motion was made, and not one created by the act of clemency which the defendant by his motion invoked. If the defense mentioned was in mind when the motion was made, it was an ingenious but not entirely commendable exercise of professional skill, and the order would certainly not have been granted if the design had been discerned or divulged. Courts do not lend themselves to defeat the administration of justice. It is enough, therefore, to dispose of this defense, to say that the defendant, having invoked the power of the court for his benefit and thus submitted to its jurisdiction, will not be permitted now to say that the power exercised has released him from all obligation. If any such result could follow, it must be regarded as waived by the application. This, aside from any moral phase of it—aside from any technical strategy—should be so declared for two reasons. *First,* because the judgment was regular, was opened on the defendant's application, to enable him to present a then existing defense; and, *second,* because he should not be permitted to take advantage of his own wrong. The exceptions should be sustained and a new trial had, and costs awarded the plaintiff to abide event. All concur.