PAULINE HECKEMANN, PLAINTIFF, *v.* JOHN B. YOUNG,
DEFENDANT, IMPLEADED, ETC.

*Judgment entered against two partners set aside as to one for irregularity — when the*
*entire claim is merged in the judgment remaining entered against the one partner* *—*
*Code of Civil Procedure, secs.* 738, 1278.

In an action brought to recover a sum of money against two copartners the defendants appeared by separate attorneys; one of them withdrew his answer and consented to the entry of judgment by default; the other being already in default, because of his failure to answer, judgment was entered against both defendants, which was subsequently vacated as to the latter because of irregularity, and he was given twenty days within which to answer, which he did, setting up that a judgment had been entered in the action against his copartner, and that, thereupon, the debt which the action was brought to recover against him and his copartner, as joint-debtors, became merged in that judgment and the same was a bar to any further proceedings.

*Held,* that the facts set forth in the answer established a merger of the claim in the judgment entered against the one partner.

That section 738 of the Code of Civil Procedure was expressly limited to the case of two or more defendants when the action could be severed, and did not contemplate the case of joint-debtors.

That section 1278 of the Code of Civil Procedure had no application to this case.

EXCEPTIONS ordered to be heard in the first instance at the General Term, after a decision dismissing the complaint made at a trial at the New York Circuit.

The following opinion was delivered upon a reargument ordered by the General Term. (For the first decision on this appeal, see 22 N. Y. St. Rep., 600.)

*Gilbert R. Hawes,* for the plaintiff.

*A. E. Woodruff,* for the defendant Young.

BRADY, J.:

This action was brought to recover the sum of $5,892.28 with interest from May 1, 1886, due from the defendants as copartners. Both of the defendants appeared, but by separate attorneys, the complaint having been amended in the meantime. The defendant Adams on the 19th of January, 1887, withdrew his answer and consented to the entry of judgment by default. The defendant

---

* See *Harbeck* v. *Pupin,* page 335.

Young already being in default for his failure to answer, judgment was entered against both defendants on the 20th of January, 1887. Subsequently, and on the 2d of May, 1887, an order was made vacating the judgment as to Young, and giving him twenty days to answer, and it would appear from the language of the order that there was some irregularity in the entry of the judgment, inasmuch as the order directs that the judgment be vacated with ten dollars costs to the defendant Young, which would not be the case where the motion to vacate was predicate of an appeal by the defendant to the favor of the court.

The defendant Young then set up by way of answer that a judgment had been entered in this action against the defendant Adams, and that thereupon the debt which the action was brought to recover against him and Adams as joint-debtors became merged in that judgment, and was a bar to any further proceedings. The question presented is whether the answer thus described is, as claimed, a bar to this action, the learned counsel having so contended upon his motion to dismiss the complaint when the plaintiff rested. The complaint was dismissed, the learned judge entertaining this view, but directing the plaintiff's exceptions to be heard in the first instance at the General Term. In order to overcome the effect of the answer interposed as a bar to any further proceedings section 738 of the Code has been invoked by the plaintiff, and the opinion of Chief Justice McAdam in *Kantrowitz* v. *Kulla* (13 Civ. Pro. R., 74), is relied upon. The learned chief justice regards the section just mentioned as a substitute for the former cognovit by which a defendant who had no defense gave to the plaintiff a written confession, and then proceeds to express his views to the effect that there is no cogent reason why the new rule introduced by section 1278 as to confessions by one of several joint-debtors should be limited in its application to confessions technically so-called, and declared that section 1278 applied to the case then in hand, and by force of its provisions judgments against one joint-debtor upon his offer of judgment did not merge the debt or bar the creditor against the other debtor not included in the offer of judgment.

The learned justice seems to have been misled by his interpretation of section 738. That provision is expressly limited to two or more defendants *when the action can be severed.* It does not, there-

fore, contemplate joint-debtors. If there are two or more defendants and the action can be severed, an offer may be made, etc. Besides that, when a confession of judgment is made, it must be made under the forms prescribed by the statute, and it is a proceeding wholly separate and entirely different from an offer made under the provisions of section 738.

Section 1278, which it was sought to combine with section 738, provides that when one or more joint-debtors may confess a judgment for a joint debt where all do not unite in the confession, the judgment must be entered and enforced against those who confessed it; and it is not a bar to an action against all the joint-debtors upon the same demand. But the confession must conform to the requirements of section 1274, namely, a written statement signed by the defendant, verified, stating the facts out of which the debt arose, and that the same is justly due or to become due; and if given for the purpose of securing the plaintiff against a contingent liability, it must concisely state the facts constituting the liability.

We have, therefore, presented as bearing upon the question suggested, the fact that the judgment entered against the defendant Young was improperly entered and vacated, and time given to answer; and offer of judgment provided for by section 738 which does not relate to joint-debtors, and a so-called confession which is invalid for the reason that it does not comply with the statute governing such acts.

The consequence is that the plaintiff took a judgment against one of two joint-debtors and the debt was merged in the judgment. His error was in entering the judgment until he had the right to do so against the other defendant, when he might have used the offer under section 738, in conjunction with a default or a verdict or the report of the referee as to the other defendant. He did not do so, and the consequence is, on well established authority, that the judgment merged the claim.

In *Candee* v. *Smith* (93 N. Y., 352) it was distinctly held that when the holder of a joint promissory note, prior to the Code (§ 1278), took judgment by confession for the whole amount against one of the makers, the liability of the other makers was discharged by the judgment, the note as to the others having been merged therein. In that case the court recognized the rule stated as to joint-debtors

.and said that the current of authority had been for a long course of years uniform and unbroken.

When this case was formerly considered it was supposed that the .application to open the judgment as to Young was addressed to the merciful consideration of the court, resting upon no right, therefore, .and that it was ungracious after the favor had been extended to the ·defendant Young that he should set up as a defense the existence ·of the judgment. But a closer examination of the record shows this point to be erroneous, and that the vacation of the judgment and the leave to answer left the rights of the defendant Young wholly intact.

For these reasons the exceptions should be overruled and judgment ordered for the defendant, with costs.

Van Brunt, P. J., and Daniels J., concurred.

Exceptions overruled and judgment ordered for the defendant, with costs.