(101 App. Div. 342.)

## McNALLY v. ROWAN et al.

(Supreme Court, Appellate Division, Third Department. January 10, 1905.)

COSTS—OFFER OF JUDGMENT—EFFECT—MECHANICS' LIENS—FORECLOSURE.

Code Civ. Proc. § 738, providing that where plaintiff does not accept defendant's offer of judgment, and fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, does not prevent plaintiff from recovering costs in a suit to foreclose a mechanic's lien, where defendant offers judgment for a sum of money only, and plaintiff recovers, as a lien against the property, an amount less than defendant's offer; since, under section 3412, providing that, if the lienor shall fail to establish a valid lien, he may recover judgment for such sums as are due him, or which he might recover in an action on contract, the judgment recovered by plaintiff is more favorable than defendant's offer.

Houghton, J., dissenting.

Appeal from Special Term, Essex County.

Action by Robert J. McNally against Edward Rowan and another. From an order retaxing costs, plaintiff appeals. Reversed.

The action is one brought for the foreclosure of a mechanic's lien. The amount of the lien claimed in the complaint was $1,576.56, with interest from July 3, 1903. With the answer the defendants served an offer of judgment as follows: "The defendants, Edward Rowan and Margaret J. Rowan, offer to allow judgment to be taken against them herein by the plaintiff for the sum or thirteen hundred seventy-six dollars and fifty-six cents, with costs." The offer was duly signed by the attorneys for the defendants, and was accompanied by the affidavit of one of them that the offer was duly authorized by the defendants to be made. The offer was not accepted, and the case was referred to a referee to hear and determine, who decided that the amount of plaintiff's lien against the defendants' property was $1,195.58, with interest thereon from July 3, 1903, and judgment was directed for a sale of the premises for the application of the proceeds of the sale to the payment of the lien, together with costs, and for a deficiency judgment in the event that such proceeds proved insufficient. On the taxation of costs before the clerk the defendants objected to all costs to plaintiff after the offer of judgment, but the clerk allowed full costs. A motion was then made at Special Term for a new taxation of costs, and on the hearing of such motion the court directed that the items of costs taxed to the plaintiff after the offer of judgment be stricken out, with $10 costs of the motion to the defendants. From this order the plaintiff has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

A. W. Boynton, for appellant.

E. T. Stokes, for respondents.

CHESTER, J. The court at Special Term made the order appealed from wholly on the authority of Lumbard v. Syracuse, B. & N. Y. R. R. Co., 62 N. Y. 290, which was an action to foreclose a mechanic's lien, where an offer of judgment was made in substantially the same form as here, and where the court held that, "when the defendant offered judgment for a specified sum, it was necessarily and legally an offer that the lien might be enforced for that sum," and that "the claim and offer must be construed with reference to each other," and therefore gave the defendant costs accruing after the offer. If there had been no change in the law since that decision, it would be controlling upon the determination of this appeal; but we think the Special Term overlooked the fact that a substantial change was wrought in the statute since the decision of the Lumbard Case. It is now provided by section 3412 of the Code of Civil Procedure, which section is contained in the title of such Code relating to proceedings for the enforcement of mechanics' liens on real property, that, "if the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this title, he may recover judgment therein for such sums as are due him, or which he might recover in an action on contract, against any party to the action." This section is a substantial re-enactment of section 15 of chapter 342, p. 589, of the Laws of 1885. The provision quoted appears to have been new in the act of 1885, for prior to its enactment it was not permissible in an action to foreclose a mechanic's lien to obtain a personal judgment upon the claim except upon the establishment of the lien. Weyer v. Beach, 79 N. Y. 409; Burroughs v. Tostevan, 75 N. Y. 567. It thus appears that at the time of the decision of the Lumbard Case, which was in 1875, the law was such that a personal judgment could not be recovered except upon the establishment of the lien, and the offer of the judgment for a specific sum, made in that case, was properly construed as permitting a judgment for the establishment of the lien at that sum. Since the change in the law, however, by the statute referred to, a personal judgment may be obtained where the lien is not established, and an offer of judgment for a sum of money only cannot properly be construed as authorizing a judgment for the establishment of the lien at the sum offered, and upon such an offer the plaintiff would not have been authorized to have entered a judgment for the foreclosure of the lien for the amount named in the offer, or for a deficiency judgment in case the proceeds of sale were insufficient to pay such amount. Indeed, under section 738 of the Code of Civil Procedure, permitting the defendant, before trial, to "serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him for a sum or property, or to the effect therein specified, with costs," and permitting the clerk, upon the filing with him of a written acceptance of such offer, as provided by such section, "to enter judgment accordingly," it is plain that the clerk would have no authority in an action for a foreclosure of a mechanic's lien, upon an offer simply for a money judgment, to enter judgment for a foreclosure and sale and for a deficiency against the defendant in case the

proceeds of the sale were inadequate, for that would not be in accordance with the offer. The judgment obtained by the plaintiff was more favorable than the judgment offered, and the plaintiff was therefore entitled to the costs allowed him by the referee, regardless of the offer, and the taxation by the clerk was therefore correct, and should not have been reversed. In the First Department the question here presented has been determined in harmony with the conclusion here reached in Kennedy v. McKone, 10 App. Div. 88, 41 N. Y. Supp. 782, as it also has in the Second Department in Rollins v. Barnes, 23 App. Div. 240, 48 N. Y. Supp. 779.

The order appealed from should be reversed, with $10 costs and disbursements. All concur, except HOUGHTON, J., who dissents.