·moved, for a subsequent term. It seems to me that it must also be ·conceded·that, if the law had required the vacancy to be filled by spe- ·cial election, the voters, had they seen fit, could have elected the de- ·fendant to fill his own unexpired term. In the absence of specific ·disqualification because of removal, it would be·going altogether too far, it seems to me, to say that the people themselves· could not choose their own incumbent to the office for the unexpired term, and could ·not choose the removed defendant if they so desired. If the people ·themselves could do this in the absence of specific disqualification, I think it follows that the board of aldermen, upon whom the Legis- lature conferred the power to fill the vacancy, could also do it. So far as filling a vacancy is concerned, the board of aldermen stands in the place of the people themselves, and what the people could do the ·board could do. It does not meet the question, as I read article 10, ·§ 2, Const., to say the filling of the vacancy by the board of aldermen ·is a mere appointment to office. It is the prescribed mode of filling ·a vacancy to avoid a special election which the Legislature could as ·well have prescribed if it had chosen.

It is true that the holding that a removed incumbent is not in- ·eligible for appointment to fill the vacancy caused by his own removal ·may not meet the spirit of the law, and might create, as it has, a con- ·troversy between the Governor, to whom the people have delegated the ·power of removal, and the appointing board, to which the people have ·delegated the power of filling a vacancy. To my mind the remedy is ·with the Legislature, and not with the courts.

I think the interlocutory judgment was proper, and should be af- ·firmed.

---

### DEMUTH GLASS MFG. CO. v. EARLY et al.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

PLEADING (§ 259*)—AMENDMENT—ADMISSIONS.

Defendant's answer, admitting liability in a certain amount, may not be amended by withdrawal of the admission.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 785; Dec. Dig. § 259.*]

Appeal from Special Term, Kings County.

Action by the Demuth Glass Manufacturing Company against Jo- seph N. Early and another. From an order denying an application for leave to serve an amended answer, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and ·WOODWARD, JENKS, RICH, and MILLER, JJ.

Michael F. Conry, for appellants.

A. Delos Kneeland, George W. Files, and Richmond J. Reese, for respondent.

WOODWARD, J. The summons and complaint in this action were served in 1902; the answer, in November of the same year. This

answer admitted liability in the sum of $1,313.30. The case has been permitted to drag along, and at one time the defendants secured an order dismissing the complaint on the ground of a failure to prosecute. Subsequently, on appeal, this court reversed the order, because of the fact that the answer admitted the liability above stated. The defendants then moved the court to permit of the serving of an amended answer, which proposed amended answer eliminates the admission of liability which has stood in the pleadings for more than six years. The motion has been denied, and the defendants appeal to this court; it being urged that the original admission of liability was inadvertently made.

By the provisions of chapter 166, p. 462, of the Laws of 1908, if either party is entitled to judgment upon the pleadings, the court may, upon motion at any time after issue joined, give judgment accordingly, and the plaintiff in this action has this right, which it would be improper to take away by permitting a withdrawal of the original admission. The defendant, by admitting the liability to the extent of $1,-313.30, waived any defense to the claim of the plaintiff to that extent, "and, having once done so, he cannot subsequently invoke its protection" (quoted in Mayor, etc., of New York v. M. R. Co., 143 N. Y. 1, 26, 37 N. E. 494, 501; and see, also, authorities there cited).

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.