CELIA FRIEDMAN, Appellant, *v.* JULIUS BLAUNER et al., Respondents.

**Partnership — offer of judgment — when offer of judgment made by one co-partner not in compliance with statute (Code Civ. Pro. §§ 738-740) and not binding upon his co-partner.**

1. No presumption of authority arises from a partnership, which permits third persons to hold the firm liable on offers of judgment subscribed by one of the members of the firm in his own name. Not only must one partner assuming to act for his co-partners in this regard actually be their agent, but the authority expressed or implied must be exercised in the form specified. (Code Civ. Pro. § 740.)

2. Where in an action against co-partners, one of the members of the firm signed in his individual name an offer to compromise which purported to be made on behalf of the firm, no affidavit being attached thereto to the effect that he was authorized to do so on behalf of the firm, the offer of judgment is not valid and is not sufficient to relieve the defendants from costs although the plaintiff recovered a judgment smaller in amount than the sum stated in the offer to compromise. (Code Civ. Pro. §§ 738-740.)

*Friedman* v. *Blauner*, 188 App. Div. 919, reversed.

(Submitted November 18, 1919; decided December 2, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 23, 1919, which affirmed an order of Special Term denying a motion to review the taxation of costs herein.

The following questions were certified:

" 1. Did the plaintiff obtain a less favorable judgment than the judgment offered by the defendant?

" 2. Is the offer of judgment signed by Julius Blauner subscribed in accordance with sections 738 and 740 of the Code of Civil Procedure so as to bind his co-defendant, Isidor Blauner?

" 3. Is the offer of judgment signed by Julius Blauner a valid offer of judgment binding upon his co-defendant, Isidor Blauner, under sections 738 and 740 of the Code of Civil Procedure?

" 4. Are the defendants entitled to recover costs and disbursements of this action? "

The facts, so far as material, are stated in the opinion.

*J. Robert Rubin, Nelson Ruttenberg* and *Milton Frank* for appellant. The offer of judgment which was signed by Julius Blauner, one of the defendants, was not subscribed in accordance with section 740 of the Code of Civil Procedure. (*Garrison* v. *Garrison,* 67 How. Pr. 271; *Lambert* v. *Converse,* 22 How. Pr. 265; *Bridenbecker* v. *Mason,* 16 How. Pr. 203; *Smith* v. *Kerr,* 1 N. Y. Supp. 454; *Werblowsky* v. *Greenwich Ins. Co.,* 14 Abb. N. C. 96; *Rollins* v. *Barnes,* 23 App. Div. 240; *McFarren* v. *St. John,* 14 Hun, 387; *Riggs* v. *Waydell,* 78 N. Y. 586; *Leslie* v. *Walrath,* 45 Hun, 18; *Matter of City of New York* [*Re Baker*], 112 App. Div. 160.) The judgment recovered by the plaintiff was more favorable than that contained in the offer of judgment. (*Lambert* v. *Converse,* 22 How. Pr. 265; *Bannerman* v. *Quackenbush,* 17 Abb. N. C. 103.) The referee had no power to include in his finding any direction for costs, except such as were authorized by statute, and on motion to review the taxation of costs, the Special Term had the power to and should have ordered the clerk to tax no costs herein, the offer of judgment not being more favorable than the recovery. (*Kiernan* v. *A. Ins. Co.,* 3 App. Div. 26; *McNally* v. *Rowan,* 101 App. Div. 342;

181 N. Y. 556; *Osborn* v. *Cardeza,* 208 N. Y. 131; *Mandel* v. *Coppenberg,* 175 N. Y. Supp. 23; *Mayor* v. *Cornell,* 9 Hun, 215.)

*Henry Danziger* and *I. Gainsburg* for respondents. The offer of judgment signed by Julius Blauner in behalf of both of the defendants was a valid offer of judgment binding upon his co-defendant, Isidor Blauner; was subscribed in accordance with the provisions of sections 738 and 740 of the Code of Civil Procedure, and the judgment recovered by the plaintiff was less favorable than the judgment offered by the defendants. (*Phister* v. *Stumm,* 27 N. Y. Supp. 1000; *Markes* v. *Epstein,* 13 Civ. Pro. Rep. 293; *Bridenbecker* v. *Mason,* 16 How. Pr. 203; *A. C. Savings Bank* v. *McCarty,* 149 N. Y. 71; *Frendenheimer* v. *Raducimer,* 15 Misc. Rep. 124; *Hageman* v. *Young,* 8 N. Y. Supp. 111; *National Bank* v. *Scriven,* 63 Hun, 375; *Hooper* v. *Baillie,* 118 N. Y. 413; *Klump* v. *Gardner,* 114 N. Y. 153; *Wallace* v. *Goldberg,* 124 App. Div. 511.) The defendants are entitled to recovery of costs and disbursements of this action; and they were properly taxed. (Code Civ. Pro. §§ 1018, 1228; *Heinitz* v. *Darmstadt,* 140 App. Div. 252; *Smith* v. *Smith,* 121 App. Div. 480; *Hancock* v. *Hancock,* 22 N. Y. 558; *Bedford* v. *Hol-Tan Co.,* 140 App. Div. 282; *Paget* v. *Melcher,* 22 App. Div. 12; *Ward* v. *Branson,* 126 App. Div. 508; *Morgan* v. *Stevens,* 6 Abb. N. C. 356; *Moses* v. *Moses,* 154 N. Y. Supp. 555; *United Press* v. *N. Y. Press Co.,* 164 N. Y. 406; *Landon* v. *Van Etten,* 57 Hun, 122; *Safety Steam Generator Co.* v. *Dixon,* 61 Hun, 122.)

POUND, J. This action was brought by plaintiff against the defendants Julius Blauner and Isidor Blauner, who are alleged in the complaint to be co-partners, engaged in the business of manufacturing cloaks and suits, to recover a balance of $2,542.56 for goods sold and delivered.

The answer alleges that the balance due was only $560.68. An offer of judgment under section 738, Code of Civil Procedure, was made and served in the following form:

" The defendants Julius Blauner and Isidor Blauner hereby offer to allow judgment to be taken against them herein by the plaintiff for $560.68, with interest from the 6th day of October 1915, with costs.
Dated New York, December 27th, 1915.

" JULIUS BLAUNER.

" STATE OF NEW YORK, ⎫
 " City of New York, ⎬ *ss.:*
" County of New York. ⎭

" On this 27th day of December, 1915, before me personally came Julius Blauner, to me known and known to me to be the person described in and who executed the within offer of judgment, and he acknowledged to me that he had authority to execute such offer of judgment in behalf of Isidor Blauner, his co-partner.

" NATHANIEL J. LEVINE,<br>" Notary Public,<br>" Bronx Co."

The offer was not accepted. The parties then, by consent, indulged in the luxury of a long and expensive reference to hear, try and determine the issues, which terminated in a report that the plaintiff was entitled to recover only $289.06, with interest. Costs and disbursements were thereupon awarded to defendants and taxed at $2,964.60 in favor of the defendants over the plaintiff's objection and judgment entered in favor of defendants for the difference. It has been held below that the offer of judgment was more favorable to the plaintiff than the amount finally recovered by her in the action.

With the amount of the costs we may not here concern ourselves, as it is not before us for review, but we cannot commend the practice which saddles either of the parties

with this unnecessary burden for referee's fees and stenographer's fees, when courts are open to litigants in which to try their causes at the public charge.

Nothing is involved in this appeal but the question of Code procedure. Sections 738 and 740, Code of Civil Procedure, read as follows:

" § 738. Defendant's offer to compromise; proceedings thereon.

" The defendant may, before the trial, serve upon the plaintiff's attorney, a written offer, to allow judgment to be taken against him, for a sum, or property, or to the effect, therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken. If the plaintiff, within ten days thereafter, serves upon the defendant's attorney, a written notice that he accepts the offer, he may file the summons, complaint and offer, with proof of acceptance, and thereupon the clerk must enter judgment accordingly. If notice of acceptance is not thus given, the offer cannot be given in evidence upon the trial; but, if the plaintiff fails to obtain a more favorable judgment, he cannot recover costs from the time of the offer, but must pay costs from that time."

" § 740. Offer and acceptance, by whom subscribed.

" Unless an offer or an acceptance, made as prescribed in either of the last four sections, is subscribed by the party making it, his attorney must subscribe it, and annex thereto his affidavit, to the effect, that he is duly authorized to make it, in behalf of the party."

The words " defendant " in section 738 and " party " in section 740 include all the defendants, except where special provision is made for an offer by one or more, but not all, of the defendants upon which a separate judgment may be taken only against the defendants making such offer. In this case the " defendant " and the " party " include both Julius Blauner and Isidor Blauner.

But the offer is not subscribed by Isidor Blauner, either by himself or by agent or attorney; nor does Julius Blauner annex his affidavit to the effect that he is duly authorized to make the offer in behalf of Isidor. Indeed the signature of Julius Blauner himself does not appear to be acknowledged by him and certified in the manner prescribed by law, as it should be to entitle it to be received in evidence without further proof thereof. (Code Civ. Pro. § 937.) The offer of judgment, not having been subscribed in.the form prescribed, binds only the party subscribing it, and a judgment against the firm would, if attacked by the other party, be regarded as a nullity, except as to the subscribing partner.

Defendants urge that, as the co-partner of Isidor, it is to be assumed that Julius had implied authority to make the offer to allow judgment to be taken against both defendants. But no presumption of authority arises from the partnership which permits third persons to hold the firm liable on offers of judgment subscribed by one of the members of a firm in his own name only. Not only must one partner, assuming to act for his co-partner in this regard, actually be his agent, but the authority, express or implied, must be exercised in the form specified. Plaintiff should not be put in the vexatious predicament where, by accepting the offer, she might lose the full benefit of a favorable judgment against both defendants, or by not accepting it, be mulcted the costs of her adversary. (*Heckemann* v. *Young*, 55 Hun, 406; revd., 134 N. Y. 170.) She was not obliged to speculate on the efficacy of an informal offer.

Even if the name of Isidor had been subscribed to the offer by Julius with authority, the offer would still be defective as to the former. An acknowledgment of authority to act for another is not the equivalent of the affidavit to the effect that the agent or attorney is authorized, required by section 740 of the Code. Perjury may not be imputed to one who merely acknowl-

edges before a notary public that he acts for another with authority. The distinction between affidavits and certificates of acknowledgment is one both of form and substance. In this case the affidavit is wanting and the certificate of acknowledgment is defective, as above indicated.

It seems more than doubtful that judgment could have been entered even against Julius alone. He makes the offer in person. The court cannot take judicial notice of his signature and he did not furnish the proper proof thereof, but that question is not before us.

This is an action at law. Costs are not discretionary. Section 3228, Code Civil Procedure, read in connection with section 738, provides who shall be entitled to costs. The referee had no authority to award costs or direct which party should pay them. (Code Civ. Pro. § 1022.) The question was properly for the clerk in the first instance, subject to review. (Code Civ. Pro. § 3262.) While the clerk could not review or correct the direction of the referee, the judgment might be corrected by the Special Term by striking out all provisions for costs improperly awarded by him.

The order appealed from should be reversed, with full motion costs in all courts; the questions certified answered in the negative and judgment directed for the plaintiff for $289.06 with interest and with costs.

HISCOCK, Ch. J., CHASE, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Orders reversed, with costs in all courts, and motion granted, with costs. Questions certified answered in the negative.