ERNEST T. KUHS, Appellant, v. FLOWER CITY TISSUE MILLS COMPANY and Others, Respondents.

Fourth Department, December 3, 1919.

Costs — action to foreclose mechanic's lien — offer of judgment by one defendant — judgment in favor of plaintiff for less amount — costs against defendant.

In an action against the owner of land and the principal contractor to foreclose a mechanic's lien, an offer of judgment by one defendant for a greater amount than was actually recovered does not  operate under section 738 of the Code of Civil Procedure to throw the costs, as to that defendant, upon the plaintiff, for the action is not capable of severance between the two defendants, so as to permit the entry of separate judgments, which is required by said section of the Code in order to throw the costs upon the plaintiff.

And even though under the offer of judgment a severance of the action might be had to permit the plaintiff to recover a personal judgment against the defendant making the offer, still the defendant would not be entitled to costs.

APPEAL by the plaintiff, Ernest T. Kuhs, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 22d day of January, 1919, upon the decision of the court after a trial at the Monroe Special Term in an action to foreclose a mechanic's lien.

*William W. Armstrong,* for the appellant.

*Lewis, McKay & Bown* [*George A. Benton* of counsel], for the respondent Flower City Tissue Mills Company.

*William MacFarlane,* for the respondent Fred H. Rapp.

FOOTE, J.:

On the merits we are of opinion that no error was committed by the trial court which would justify a reversal of this judgment.

There was error, however, in the award of costs. The action is to foreclose a mechanic's lien against the Flower City Tissue Mills Company as owner of the land and the defendant Rapp as the principal contractor, plaintiff being a subcontractor for the mason work under Rapp. The defendant Rapp, conceding that there was a balance of $1,020.06 due from him to the plaintiff under the subcontract, made to plaintiff an offer of judgment for this amount " with interest thereon from December 2, 1917, to the date of entry of judgment, with costs, and establishing the amount of plaintiff's lien at that sum, and for a judgment of foreclosure and sale and a judgment for any deficiency upon said sale against this defendant." This offer was not accepted, and against Rapp plaintiff has recovered a less favorable judgment, since the amount found to be due from Rapp to plaintiff is only $930.06. The trial court was of opinion that because as to Rapp plaintiff had recovered a less favorable judgment than Rapp had

offered, costs must be awarded to Rapp against the plaintiff from the time of the offer, under the provisions of section 738 of the Code of Civil Procedure.

We think this was error and that that section has no application to the case. That section is as follows: " The defendant may, before the trial, serve upon the plaintiff's attorney a written offer to allow judgment to be taken against him, for a sum, or property, or to the effect, therein specified, with costs. If there are two or more defendants, and the action can be severed, a like offer may be made by one or more defendants, against whom a separate judgment may be taken." The remainder of the section provides that if the offer is not accepted and the plaintiff fails to recover a more favorable judgment he cannot recover costs, but must pay costs from the time of the offer.

In this case there are two principal defendants and the action cannot be severed. There were issues to be tried as between the plaintiff and the defendant Flower City Tissue Mills Company, the owner of the real property to be sold to satisfy the plaintiff's lien. In the absence of a similar offer of judgment by the Flower City Tissue Mills Company, no judgment of foreclosure and sale could be entered, and there could be no severance of the action between these two defendants which would permit the entry of separate judgments of foreclosure and sale. It is apparent, therefore, that the section has no application to such an action as this. It was so held in an action against two joint debtors in *Heckemann* v. *Young* (55 Hun, 406; revd., 134 N. Y. 170, but not upon this point).

Even assuming that under this offer of judgment a severance of the action might be had to permit plaintiff to recover a personal judgment against Rapp, it is still insufficient to entitle defendant to costs as was held in *McNally* v. *Rowan* (101 App. Div. 342; affd., 181 N. Y. 556, on the opinion below).

The judgment must be modified by striking out the award of seventy-two dollars and seventy-five cents costs to the defendant Rapp against the plaintiff, and by awarding to plaintiff the full bill of costs against defendant Rapp as well as against the defendant Flower City Tissue Mills Company

to be paid as therein directed, with costs of this appeal to plaintiff against defendant Rapp only.

All concurred.

Judgment modified by striking out the award of seventy-two dollars and seventy-five cents costs to the defendant Rapp against the plaintiff and by awarding to plaintiff a full bill of costs against the defendant Rapp, as well as against the defendant Flower City Tissue Mills Company, to be paid as prescribed in said judgment, with costs upon this appeal to the plaintiff against the defendant Rapp only.