CELIA FRIEDMAN, Appellant, v. JULIUS BLAUNER and Another, Respondents.

First Department, February 4, 1927.

**Sales — action for goods sold and delivered — evidence supports findings of referee — defendants are bound by admission in answer of amount due — defendants entitled to discount only on cash actually paid.**

This is an action on the theory of goods sold and delivered. Defendants delivered cloaks and suits to plaintiff, on which she was to do some work, but billed the goods to her as on a sale, and she in turn, when the goods were finished, billed them to the defendants as on a sale, the price charged defendants being the amount the defendants had charged the plaintiff, plus the value of her services. This action was commenced in 1915. Both sides are more or less responsible for the delay, and the Appellate Division deems it desirable to end the litigation, if such disposition is possible without injustice.

The findings of the referee, as to the amount due the plaintiff, are supported by the evidence, but the defendants are bound by their admission in their answer as to the amount due, which amount is larger than the sum found due by the referee.

The defendants claimed the right to a discount on total credits and sought to reduce the amount of their admission thereby, but this they cannot do. They were not in any case entitled to discount except on cash actually paid.

APPEAL by the plaintiff, Celia Friedman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of August, 1918, upon the report of a referee appointed to hear and determine the whole issues.

The plaintiff appeals on the ground of inadequacy of recovery.

*J. Robert Rubin* of counsel [*Andrew Bellanca* with him on the brief], for the appellant.

*Joseph Force Crater* of counsel [*Joseph P. Segal* with him on the brief; *I. Gainsburg,* attorney], for the respondents.

O'MALLEY, J. The plaintiff appeals upon the ground of inadequacy of recovery. It is urged that the findings of the referee are contrary to the weight of the credible evidence in respect to specific matters. In addition plaintiff claims that upon admissions contained in the answer she was entitled to an amount in excess of that allowed by the referee.

The complaint is in form for goods sold and delivered. Plaintiff carried on a fur trimming business. Defendants were manufacturers of cloaks and suits. By arrangement between the parties, the defendants furnished merchandise to the plaintiff upon which she was to do certain work. She was charged by the defendants for the merchandise furnished as if for a sale and not as a mere

bailment. The plaintiff in turn charged certain prices alleged to have been agreed upon for the work performed by her upon the defendants' merchandise and when her work was completed, delivered back to the defendants the finished merchandise at a charge which included the cost of the goods as charged to her by the defendants and in addition the alleged agreed amount for her services. When delivering the finished merchandise plaintiff also charged the goods to the defendants upon the theory of a sale.

She sued for a balance due of $2,552.86, as modified by her bill of particulars. While the defendants' answer contained a general denial, their separate defense admitted an agreement between the parties substantially as claimed by the plaintiff. In addition the answer admitted delivery by the plaintiff of manufactured goods of the agreed price and reasonable value of $16,019.98, and alleged that the defendants had sold and delivered to the plaintiff merchandise of the value of $9,609.30, and advanced to her on account of goods manufactured by her the sum of $5,850, a total of $15,459.30. The answer then admitted a balance due plaintiff in the sum of $560.68 and alleged that the defendants have always been and still are ready and willing to pay said sum to the plaintiff " and have offered so to do, and in which amount the defendants make offer of judgment." In their bill of particulars the defendants sought to correct the amount admitted to be due by claiming a discount of two per cent upon the total credits it claimed from plaintiff in the sum of $323.61. This discount was claimed not only upon the amount of cash paid for services, but also on merchandise charged in the first instance. When the case proceeded to trial, therefore, concededly the defendants admitted owing to the plaintiff at least the sum of $397.75.

The reference was indeed costly. The expenses aggregated the sum of $2,964.60, a figure considerably in excess of plaintiff's original claim. Plaintiff was awarded a judgment in the sum of $289.06. The expenses of the reference were paid by the defendants and upon the claim that a valid offer of judgment in a sum in excess of the amount recovered by the plaintiff had been made, the defendants succeeded in having the costs of the reference taxed against the plaintiff. This resulted in a judgment in favor of the defendants in the sum of $2,672.60 as costs.

Plaintiff appealed from the order denying her motion to retax costs and prosecuted it to the Court of Appeals. (*Friedman* v. *Blauner,* 227 N. Y. 327.) It was there held that the offer of judgment was invalid as such, because of irregularity in its execution, and plaintiff's motion to retax costs was granted. This resulted in an amendment of the original judgment *nunc pro tunc* so as

finally to award plaintiff a judgment in her favor in the sum of $289.06, with interest of $59.14.

The action was instituted December 8, 1915, and issue joined December twenty-eighth. The order of reference was made December 13, 1916. Proceedings before the referee continued from February, 1917, to December, 1917. His report was dated May 22, 1918. Plaintiff appealed from the original judgment on August 31, 1918, and such judgment was amended March 15, 1920. It has required plaintiff six years, therefore, to bring on this appeal, and no reason for this delay is offered by either party.

Appellant urges that the findings of the referee respecting certain items of the account between the parties are contrary to the evidence and that his decision with respect to some of the matters involved is not supported by the evidence.

The numerous issues litigated were with respect to agreed prices, deliveries, shortages, overcharges and returned merchandise. The record contains over 1,000 printed pages. The reference seems to have been unduly protracted. Appellant seeks to place responsibility for this upon the referee and the defendants' counsel. But sole responsibility cannot be so fixed. All parties seem to have been somewhat at fault. Both sides were extremely technical and in some instances concessions which would have served to shorten the hearing were refused. Moreover, by an examination before trial, plaintiff, it would seem, might have greatly simplified the issues.

We have examined the record and have reached the conclusion that the findings of the referee, except as to matters hereinafter indicated, are fairly supported by the evidence. No reasonable grounds for believing that a result more favorable to plaintiff could be had on a new trial are presented.

In this view of the case it would be most unwise to order another trial and thus further burden the parties with additional labor and expense. The defendants have already been required to pay in costs and expenses of the reference alone more than the amount of the original claim of the plaintiff. In addition it must be assumed that they have incurred considerable expense by way of attorneys' fees. In these circumstances we deem it advisable for all parties that an end be put to this litigation if such disposition is possible without injustice.

We are of opinion, however, that there must be a modification. The defendants' answer having admitted a balance due in the sum of $560.68, they were bound by such admission and could not avoid the effect thereof, especially in the absence of an amendment. And this is so, notwithstanding that no question was raised in

respect thereto at the trial and the amount involved in the admission may have been litigated. (*Paige* v. *Willet*, 38 N. Y. 28; *Demuth Glass Manufacturing Company* v. *Early*, 131 App. Div. 203.)

In addition, defendants were not entitled to a discount upon the whole amount of their invoices. They were entitled to such discount only for the cash actually paid. Upon this basis the amount of such discount was the sum of $117, rather than the sum of $323.61, the amount found by the referee. But the difference between these two items cannot be added to the amount admitted to be due in the answer. The defendants are bound only by the amount admittedly due. This being so, the referee was not upon the evidence before him obligated to allow a sum in excess of such admission. As already pointed out, the evidence, had it not been for the admission, was sufficient to justify the referee's finding that the sum due plaintiff was only $289.06. If the sum of $117 were added to this it still would be less than the amount admitted to be due.

None of the other matters urged upon us by the appellant require disturbing the judgment in any other respect.

The judgment should be modified by increasing the amount thereof to the sum of $560.68, with interest thereon from the 25th day of October, 1915, and as thus modified affirmed, with costs of this appeal to the appellant.

Dowling, P. J., Finch, McAvoy and Martin, JJ., concur.

Judgment modified by increasing the amount thereof to the sum of $560.68, with interest thereon from the 25th day of October, 1915, and as so modified affirmed, with costs of this appeal to the appellant. Settle order on notice.