Irving Trust Company, as Trustee in Bankruptcy of Unique Coats, Inc., Appellant, v. Albert M. Eisenberg, Respondent.

First Department, April 21, 1933.

*Ira Q. Klein* of counsel [*Barney Bernstein* with him on the brief; *Feiring & Bernstein*, attorneys], for the appellant.

*B. F. Lerch*, for the respondent.

O'Malley, J. Plaintiff, as trustee in bankruptcy, seeks in this action to recover from the defendant, a former president of the bankrupt corporation, the sum of $3,525.25, alleged to have been wrongfully received by the defendant in the guise of salary. It is charged that the payments made were not for salary, ·but were paid out of capital, the defendant having rendered no services. The answer admitted receipt of the moneys, but denied they were received as salary.

The sum involved was charged against the defendant upon the books of the bankrupt. On direct examination the defendant admitted having received from the bankrupt the sum of forty-five dollars a week, and also that he had performed no services. He made a similar admission in his examination under paragraph (a) of section 21 of the Bankruptcy Act (U. S. Code, tit. 11, § 44). Upon cross-examination he was permitted, over objection and due exception of plaintiff's counsel, to testify that the moneys in question were not actually paid to him, but to an employee of the

bankrupt who had performed services intended to have been performed by himself as president. The defendant then rested on plaintiff's proof, and a motion to dismiss the complaint for failure of proof tending to show that the moneys had actually been received by the defendant was granted. No motion for a direction was made.

A dismissal in the circumstances cannot be justified. On the state of the pleadings the defendant was bound by his admission of receipt of the moneys. In the absence of an amendment it was, therefore, improper to permit him, over plaintiff's objection and exception, to contradict the express admission made and to deny that he had in fact received the moneys. (*Friedman* v. *Blauner*, 219 App. Div. 326.)

It is to be observed that the motion to dismiss was predicated upon the ground of the absence of evidence that the defendant had received the moneys. Not only did the answer admit such receipt, but defendant himself, on examination under paragraph (a) of section 21 of the Bankruptcy Act, and upon his direct examination on the trial, specifically admitted such fact.

In the absence of a motion to amend so as to deny receipt of the moneys or to plead some defense in explanation, the dismissal was improper.

It follows that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.