MAROE v. THOMPSON, et al.

No. 71-C-870.

Circuit Court, Palm Beach County, Civil Appeal.

June 24, 1974.

Donald E. Brodbeck, West Palm Beach, for the appellant.

Thomas A. Loadley, West Palm Beach, for the appellees.

LEWIS KAPNER, Circuit Judge.

Plaintiff sued defendants for damages. He was awarded a total of $795.24 in damages and the trial judge granted him a new trial on the issue of damages alone. Subsequently, on December 17, 1973, more than ten days prior to the second trial, defendant Unigard Insurance Company filed an offer of judgment as follows —

> "Pursuant to Rule 1.442 of the Florida Rules of Civil Procedure, the Defendant, Unigard Insurance Company, admits that it will allow a judgment to be taken against it in the amount of $5,000.00."

No response was filed thereto by the plaintiff. The plaintiff did not accept the offer, but proceeded to trial and obtained a verdict of $1,000 in his favor as administrator, and $2,730 in his favor individually, or a total $3,730.

A motion for costs has been filed by both parties. Defendant claims his offer of judgment precludes the court from requiring him to pay costs incurred after December 17, 1973. Plaintiff contends that defendant's "offer of judgment" is invalid because it does not specify whether the offer of judgment is to the plaintiff as administrator or individually, and, further, that the offer does not specify that it includes costs accrued to date.

Under Rule 1.442 CRP the offer should have made those specifications. See *Moore's Federal Practice, Offer of Judgment,* §68.04; Kuhs v. Flower City Tissue Mills Co. (N.Y., 1919) 179 N.Y. Supp. 450. However, the offer is substantially clear in its effects. No matter how it is interpreted, it is clear that the verdict is less favorable than the offer. Under such circumstances, absent a motion to strike (see Nabors v. Texas Co., W.D. La., 1940, 32 Fed. Supp.

91) or other indicia that the offer was technically unacceptable, plaintiff should be liable for costs.

It is thereupon ordered that costs in the amount of $745.72 shall be taxed against defendants and costs in the amount of $333.60 shall be taxed against plaintiff.