NEW YORK COUNTY—HON. D. C. CALVIN, SURROGATE.—AUGUST, 1876.

## GOULBURN *v.* SAYRE.

### *In the matter of the Estate of* DENIE SAYRE, *deceased.*

Practice in the New York Surrogate's court is to be assimilated as far as may be to that in courts of record.

A petition will be determined upon the papers presented, or referred to in the citation. The court will not consider other papers, though on the files.

THE petition verified January 31, 1876, alleged that the petitioner, Adelaide F. Goulburn was a creditor of the deceased ; that letters of administration were granted June 16, 1874, to Mary Sayre, widow of the deceased, who in January, 1876, died, leaving certain assets of the decedent unadministered.   That the personal estate of the decedent was of the value of $6,000 ; and that he left James Denie Sayre, an alleged son, of full age, but left no other children, or descendants.

On this petition, a citation was issued requiring said son, and the public administrator, to show cause why letters of administration should not be granted to the petitioner, as a creditor.

On the return of the citation, James Denie Sayre · filed an affidavit denying that the petitioner was a creditor, whereupon a reference was ordered to take testimony upon that subject.

Thereupon the petitioner, by her counsel, on an affidavit alleging that the order of reference was entered by the counsel of said James Denie Sayre, in violation of an understanding that it should be submitted for settlement, obtained an order to show cause why the order of reference should not be set aside and vacated, and argument be heard on the facts set forth in the petition.

On the return of this order to show cause, the order of reference was opened, and the parties were fully

heard upon the merits of the petition ; counsel for petitioner claiming that the papers on file in this court, on a former reference, showed the fact that petitioner was a creditor.

On the part of the counsel opposed to the petition, it was insisted that those facts were not before the court, and that as the papers showing the same were not referred to in the petition, or citation, the motion must be heard solely upon the petition itself.

WM. EVERETT, and S. G. COURTNEY, for the petitioner.

IRA O. MILLER, for the administratrix.

THE SURROGATE.—All that appears before me upon the question whether the petitioner is a creditor, is the allegation in the petition that she is a creditor.

The practice of this court should conform substantially to that in courts of record, and when a motion is made, the moving parties should be confined to the points referred to in their notice or citation ; and it would be very unfair to expect that parties, when cited to meet one state of facts, should be prepared to meet entirely different or additional facts, because they may appear as part of the records of this court. There seems to be a somewhat prevailing notion on the part of many attorneys that this court is presumed in every proceeding before it, to know and to take notice of all papers and records filed and entered in this office. As well might a judge of the supreme court be required to take notice of the papers and records of the clerk's office, and to hear and determine a motion based upon any of them, which might be applicable to the case, without any reference to them in the notice of motion.

There is great propriety in confining parties to the facts set forth in the petition, or raised by motion ; indeed, no other rule can preserve the orderly administration of justice in this court.

This motion must therefore be considered on the petition, and the answer thereto; and it is clear that the petitioner has no right to letters of administration except she be a creditor, and that fact being denied, that issue should be first determined.

There must, therefore, be a reference of that question, unless the petitioner shall elect to discontinue these proceedings, and move anew on additional papers. But it is proper to remark that on examining the referee's report, in respect to the propriety of the administratrix giving security, the Surrogate does not assume to pass upon the question of the petitioner's status as a creditor.

Order accordingly.