(67 App. Div. 121.)

## WARD v. WARD.

### Appeal of MATHOT.

(Supreme Court, Appellate Division, First Department. December 13, 1901.)

1. Costs—Reference—Prevailing Party.

Plaintiff petitioned for the appointment of a referee to determine the amount due an attorney for services, and the parties stipulated that the costs should be paid by the party who should in the first instance be determined by the referee to be the proper party to take up the report. The attorney claimed there was an agreement as to his fee, but the referee found otherwise; that he was, however, entitled to a certain sum. *Held* that, though the contention as to the agreement was found against the attorney, he was nevertheless the prevailing party, so as to be entitled to the costs.

2. New Trial—Newly-Discovered Evidence.

Where witnesses are present at a hearing, and the attorney knows what they will testify, the fact that they are not available at the time the attorney desires to take their testimony does not furnish a basis for a new trial on the ground of newly-discovered evidence.

Appeal from special term, New York county.

Application by Victorine A. H. Ward for an order of substitution of an attorney in place of Louis Mathot in the action of Victorine A. H. Ward against Eber Brock Ward. From an order confirming a referee's report ordering such substitution, and judgment thereon, and an order denying a new trial, Mathot appeals. Modified.

Argued before PATTERSON, HATCH, INGRAHAM, AND LAUGHLIN, JJ.

William L. Mathot, for appellant.
Edward E. McCall, for respondent.

HATCH, J. This proceeding was commenced by the respondent, Victorine A. H. Ward, by petition to the supreme court for the appointment of a referee to ascertain the amount due Louis Mathot for his services as attorney for the plaintiff, and for an order directing the said Louis Mathot to deliver to said Victorine A. H. Ward all papers in his possession belonging to her which the said Mathot retained under a claim of a lien thereon for legal services. Upon such application a referee was duly appointed, and after numerous hearings the referee filed his report. On the first day of the hearing the parties entered into the following stipulation:

"It is stipulated that the referee's fees and the stenographer's charges shall be paid by the party who in the first instance shall be determined by the referee to be the proper person to take up the report, and such payment so made shall be remitted to the court to determine on the going in of the report and the motion thereunder as to who shall finally pay the same."

The referee, among other things, reported as follows:

"I do further find and report and determine that the value of the services performed by Louis Mathot for Victorine H. Ward for which he remains unpaid is the sum of three hundred dollars and no more; that said Louis Mathot has been paid upon account thereof the sum of fifty-eight dollars, leaving due Louis Mathot from Victorine H. Ward, at the time of this my report, the sum of two hundred forty-two dollars, and for which sum the said Louis Mathot, as attorney for Victorine H. Ward, has a lien upon the papers now in his hands belonging to Mrs. Ward."

The referee then found that, upon payment of the last-mentioned sum, the substitution of attorneys be made, and that Louis Mathot deliver all papers; and, further, the referee found as follows:

"Under a stipulation made between the parties hereto, and entered into upon the minutes, it was agreed that the referee's fees and the stenographer's charges should be paid in the first instance by the party determined by the referee to be the prevailing party, and thereafter it be remitted to the court upon the coming in of the referee's report to determine which party should be finally charged therewith; and I do find and report, in accordance with such stipulation, that Victorine H. Ward, the petitioner herein, is the prevailing party."

The report was confirmed by order of the supreme court, in and by which order it was decreed that the referee's report be confirmed, and that the respondent be allowed to have a substitution of attorneys; that all papers held by said Mathot be delivered to the respondent; and, finally, that judgment for costs be entered against said Mathot, the appellant herein, and execution was awarded therefor. From the order of confirmation and the judgment entered thereon, this appeal is taken.

During the pendency of the appeal the defendant made a motion for a new trial, based upon affidavits of newly-discovered evidence. The motion was denied, and from that order an appeal was taken.

The records in this case are most voluminous, and in the main the contest was over a claimed agreement between the attorney and the plaintiff in the action, whereby it was asserted by the attorney, and denied by the plaintiff, that he was to receive 10 per cent. of all moneys which should be saved to the plaintiff from her estate in France, and from certain real property situate in the city of Chicago. Had the agreement been established, the attorney would have been

entitled to receive $17,770. The attorney, however, failed to satisfy the referee, or the court which confirmed his report, of the existence of such an agreement, or that he was entitled to compensation at the rate of 10 per cent. of the plaintiff's money and property, as claimed by him.

It is quite evident that the referee concluded that the failure of the attorney to establish the existence of the agreement to his satisfaction was a defeat of the attorney upon the issues between the parties, which authorized the imposition upon the attorney of the costs of the proceeding, and such view seems to have been shared by the court, which confirmed the referee's report. Such conclusion, however, entirely overlooks the fact that the proceeding was instituted by the plaintiff for the purpose of having determined the existence of a lien in favor of the attorney upon the papers then in his hands, and the amount of such lien. The attorney was not the moving party. He was involuntarily brought into court by the petition instituting the proceedings. That he had a lien over and above all payments to the extent of $242 was found by the referee, and that there existed a lien at the time the proceeding was instituted was practically conceded by the plaintiff. When, therefore, the plaintiff's lien was found to exist for a substantial amount, he was the prevailing party in the proceeding, and the fact that he·had failed to establish a right to receive or to have a lien upon the papers for the whole amount of his claim did not change such result. Had the plaintiff desired to place the attorney in default for refusing to surrender the papers on demand, she should, before instituting the proceeding, have offered to pay the amount of the lien, or the sum to which the attorney was fairly entitled. This she did not do. There was no offer to pay the attorney anything, either prior or subsequent to instituting the proceeding, and, as he was found entitled to receive from the plaintiff a substantial sum, he is to be regarded as the prevailing party upon the issues presented. There was therefore no authority to charge the attorney with the costs of the proceeding, as he was entitled not only to receive the amount of his lien as established, but was also entitled to receive such costs and disbursements as were properly chargeable therein.

This is a special proceeding (Peri v. Railroad Co., 152 N. Y. 521, 46 N. E. 849), and the costs are governed by section 3240 of the Code of Civil Procedure (In re Holden, 126 N. Y. 589, 27 N. E. 1063; In re City of Brooklyn, 148 N. Y. 107, 42 N. E. 413). It is true that, by the provisions of section 3240, costs are in the discretion of the court; yet it is equally true that such discretion will not be exercised against a party who has prevailed upon the issue, which, as we have seen, was the case here. There was no authority in the court upon the confirmation of the report to direct the entry of a judgment against the attorney for the amount of the costs and disbursements. The only authority which the court had was to confirm the report of the referee, and make provision in such order for the payment of the amount of the attorney's lien, and the costs and disbursements of the proceeding, as provided by law. Booth v. Association, 18 App. Div. 407, 46 N. Y. Supp. 457. Doubtless the court had power to provide

in the order for execution to issue in favor of the person to whom costs were awarded. Code Civ. Proc. § 779. But we are referred to no authority authorizing the entry of a formal judgment, as has been done in this case.

We have examined with considerable care the evidence which was given bearing upon the attorney's right to a lien for the 10 per cent. upon the moneys secured for the plaintiff. It would serve no useful purpose to analyze or discuss the evidence in detail. It is sufficient now to say that the conclusions reached by the referee and the court upon the motion to confirm find clear support in the testimony, and we see no reason for reaching a different result.

So far as the appeal from the order denying the motion for a new trial is concerned, we think the order should be affirmed.

It clearly appears from the attorney's affidavit that the evidence was not newly discovered, as he asserts that, "before the reference was proceeded with, I met Mr. T. Vinton Murphy, and then ensued the conversation mentioned in the affidavits of my son and himself." Murphy and his wife were the witnesses from whom it was expected to obtain the newly-discovered evidence. To what they would testify was known to the attorney before the reference was concluded, and they were both present before the referee, but were not sworn. It may be the misfortune of the attorney that these witnesses were not available at the time he desired to take their testimony, but such fact does not furnish a basis for a new trial on the ground of newly-discovered evidence, as it was in no legal sense newly discovered.

It follows that the judgment which has been entered should be vacated and set aside, and the order of confirmation of the report should be modified by awarding of costs and disbursements in favor of the attorney as provided by section 3240 of the Code of Civil Procedure, and as so modified the order of confirmation of the report of the referee is affirmed, without costs of this appeal to either party. All concur.

(36 Misc. Rep. 306.)

BABCOCK v. PACIFIC MUT. LIFE INS. CO.

(Supreme Court, Special Term, Tompkins County. November, 1901.)

ACCIDENT POLICY—WAIVER OF CONDITIONS.

