AARON R. STEVENS et al., Appellants, *v:* THE CENTRAL NATIONAL BANK OF BOSTON et al., Respondents.

1. COSTS — REMITTITUR FROM THE COURT OF APPEALS WITH MANDATE OF SUPREME COURT OF UNITED STATES ANNEXED — WHEN SUPREME COURT OF STATE OF NEW YORK HAS NO POWER TO AWARD COSTS.   Where the United States Supreme Court reversed and modified, in some particulars relating to the relief granted, but without disturbing in substance or affecting in any other way, a judgment of the Court of Appeals affirming a judgment of the General Term which affirmed a judgment granted at a Special Term of the Supreme Court of this state, in favor of the plaintiffs in an equitable action, with costs, and remanded the cause to the Court of Appeals for further proceedings not inconsistent with the opinion of the United States court, and the Court of Appeals thereupon ordered that the mandate of the United States court be annexed to its own remittitur, and that the proceedings be remanded to the Supreme Court of the state of New York to proceed upon said remittitur and to render judgment in conformity with the mandate of the United States Supreme Court and the opinions referred to therein, but without costs in the Court of Appeals, and no motion to modify such order of the Court of Appeals in any respect has been made by any party to the action, such order stands as an adjudication, binding upon all parties, that the United States Supreme Court did not reverse or modify such judgment with costs generally, but only with costs in that court, and the Special Term of the Supreme Court of this state in making its order modifying the judgment as directed by the Court of Appeals has no authority to allow to the defendants in the action, in addition to the costs awarded by the Supreme Court of the United States, costs in all the courts of this State except the Court of Appeals, together with an extra allowance.

2. COSTS NOT ALLOWED TO BOTH PARTIES FOR THE SAME SERVICES IN THE SAME COURT.   No costs having been allowed to the defendants for proceedings in the courts of this state, either by the United States Supreme Court or the Court of Appeals, there is no power, either expressly or by implication, conferred by statute upon the Special Term to award costs in the courts of this state to the defendants in the action, although in actions of equity "the court may, upon the rendering of a final judgment," in its discretion award costs to any party as provided by section 3230 of the Code of Civil Procedure; since it would be unreasonable to hold that the statute impliedly confers the power to award the same costs in favor of and against each party, and as the plaintiffs succeeded upon the main controversy and the judgment of the courts of this state is in their favor, except as modified by the United States Supreme Court, the award of costs to them still stands, and the same costs cannot be awarded

to the defendants without subverting the general rule that costs cannot
be allowed to both parties for the same services in the same court.
    *Stevens* v. *Central Nat. Bank,* 35 App. Div. 35, reversed.

    (Argued October 9, 1901; decided November 26, 1901.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
April 17, 1900, dismissing an appeal from a judgment entered
upon an order of the court at Special Term which awarded
costs and an extra allowance to defendants.

    This action was commenced in the Supreme Court of the
State of New York by bondholders of the Lebanon Springs
Railroad Company to procure a sale of that company's road,
to set aside a decree rendered in another action as fraudu-
lent, to enjoin certain proceedings by the defendants in the
Circuit Court of the United States and for other relief.
Upon the first trial the complaint was dismissed, but upon
appeal to the General Term the judgment was reversed and
a new trial granted, with costs to abide the event.  (57 Hun,
498.)  The second trial resulted in a judgment for the plain-
tiffs setting aside said decree, ordering a sale of the road,
enjoining the defendants from taking certain proceedings in
any court, directing a reference and for other relief, with
costs, including an extra allowance of $2,000.  This judg-
ment was subsequently affirmed, with costs, by the General
Term and by this court.  (69 Hun, 617; 144 N. Y. 50.)
While the record was still in the Court of Appeals, upon
application of the defendants, it was removed by a writ of
error to the Supreme Court of the United States, which
reversed the judgment of the state courts in some particulars
and remanded the cause to this court for further proceedings.
(169 U. S. 432.)  The record was thereupon remitted to this
court by a mandate, the material part of which is as follows:
" It is now here ordered and adjudged by this court that the
judgment of the said Court of Appeals in this cause be and
the same is hereby reversed, with costs; and that the said
appellants recover against the said respondents, Aaron R.
Stevens et al., $1,047.70 for their costs herein expended and

have execution therefor.   And it is further ordered that this cause be and the same is hereby remanded to the said Court of Appeals for further proceedings not inconsistent with the opinion of this court."   The concluding part of the opinion thus referred to in the mandate is as follows : " The conclusions we have reached are that the judgment of the Supreme Court of New York and of the Court of Appeals affirming the same are erroneous in so far as they command the Central National Bank of Boston, the Massachusetts Mutual Life Insurance Company and other holders of the receiver's certificates whose rights, as such holders, were adjudged by the. Circuit Court of the United States to appear before the referee appointed by the Supreme Court in the present case, and which enjoin the Central National Bank of Boston and others, whose rights have been adjudged by the Circuit Court of the United States for the Northern District of New York, from proceeding with the sale under the decree of that court. The judgment of the Supreme Court of New York and of the Court of Appeals, in these particulars, are accordingly reversed and the cause is remanded to that court for further proceedings not inconsistent with the opinion of this court."

A motion made in the Supreme Court of the United States to amend its mandate in certain particulars was denied and an opinion was filed, the substance of which is as follows : " The judgment of this court does not undertake to affect or reverse the judgment of the Supreme Court of the State of New York, except in so far as that judgment sought to restrain The Central National Bank of Boston and other plaintiffs in error from proceeding under and in accordance with the decree of the Circuit Court of the United States for the Northern District of New York, and to compel them to again try in the Supreme Court of New York matters tried and determined in the Circuit Court.   As between the other parties the judgment of the Supreme Court of New York was, of course, left undisturbed, and it is not perceived that the terms of the mandate signify anything else, or imply the consequences suggested by counsel."

When the record reached this court an order was made "that the mandate of the Supreme Court of the United States in this case be annexed to the remittitur herein and the proceedings thereupon be remanded to the Supreme Court of the State of New York, to proceed upon the said remittitur and to render judgment herein in conformity to the said mandate and the opinions referred to therein, without costs in this court." Subsequently the record was presented to the Supreme Court of this state at a Special Term thereof, which, by an order in the usual form, directed that the judgment of the Court of Appeals, except as modified by the judgment of the Supreme Court of the United States, become and be the judgment of the Supreme Court of this state. The order also correctly specified the particulars in which the judgment was modified, and finally directed that the "plaintiffs in error to the Supreme Court of the United States have and recover from the plaintiffs in this action their costs in this court, and the Circuit and General Terms thereof, together with an extra allowance of $2,000 and the costs awarded by the Supreme Court of the United States, to wit, the sum of $1,047.70." No new trial was had and the matter came before the court simply upon a motion. From that order and the judgment entered thereon an appeal was taken to the Appellate Division, which, by an order duly entered, affirmed the order and dismissed the appeal from the judgment. Before any judgment dismissing the appeal had been entered, an appeal was taken from said order of the Appellate Division to this court where it was dismissed as premature, upon the ground that "the proper practice is to enter a judgment upon such an order and then appeal from the judgment." (162 N. Y. 253.) From the judgment subsequently entered this appeal was brought.

*Edward Winslow Paige* for appellants. The judgment of the Special Term is erroneous in that it does not adjudge how much of the former judgment is reversed, but leaves the whole matter open to conjecture. (*Benedict* v. *Arnoux,* 154 N. Y.

715; *New* v. *Vil. of New Rochelle,* 158 N. Y. 41.) It was
the duty of the Special Term to enter the judgment, and only
the judgment, directed by the remittitur. It had no discre-
tion. (*Matter of P. E. P. School,* 86 N. Y. 396; *McGregor*
v. *Buell,* 1 Keyes, 153.) It is impossible, under our statute,
that parties can have costs of the same trial or argument in
the same court, each against the other. (*Couch* v. *Millard,*
41 Hun, 212.) The words "reversed with costs" in the man-
date do not mean costs generally in the cause. (*Bartels* v.
*Redfield,* 47 Fed. Rep. 708; *Matter of P. E. P. School,* 86
N. Y. 396; *Matter of Water Comrs.* 104 N. Y. 677; *B. S.
Inst.* v. *Town of Pelham,* 148 N. Y. 737.)

*Charles E. Patterson* for respondents. This appeal cannot
be maintained. Instead of affirming the judgment appealed
from the court should dismiss the appeal. (*Van Arsdale* v.
*King,* 155 N. Y. 325; *N. Y. S. & T. Co.* v. *S. G. & E. L.
Co.,* 156 N. Y. 645; *City of Johnstown* v. *Wade,* 157 N. Y.
50.) The order of the Appellate Division in dismissing the
appeal from the judgment entered upon the order of the Spe-
cial Term was the only logical order that could be granted by
the Appellate Division, unless it reversed the order of the
Special Term. (*S. F. & T. Co. Case,* 160 U. S. 247.) Under
the statutes of the state of New York the Supreme Court
had jurisdiction in its discretion to award costs in this
action, it being an action in equity. Nothing in the decis-
ion of the appellate tribunals has declared an intention to
limit this discretion. (Code Civ. Pro. §§ 3228–3230.) The
amount of the additional allowance was within the limits of
the statute. It was awarded in the discretion of the court,
and if allowable at all neither the right to make the allow-
ance nor its amount is subject to review in this court. (Code
Civ. Pro. § 3253; *Burke* v. *Candee,* 63 Barb. 552; *Sickles*
v. *Richardson,* 14 Hun, 110; *Gordon* v. *Strong,* 15 App.
Div. 519; *Hart* v. *Mayor, etc.,* 16 App. Div. 227.) If the
words in the mandate, "reversed with costs," do not mean
generally costs of the case, the reversal of the judgment below,

with directions to proceed in accordance with the opinion of the Supreme Court of the United States, authorized the entry of judgment for costs. (*Bartels* v. *Redfield*, 47 Fed. Rep. 708.)

VANN, J. As the mandate of the Supreme Court of the United States makes the opinion of that court a part of its judgment, both the mandate and the opinion must be read together in order to learn what the court did. When thus read it is clear that the judgments of the state courts were left undisturbed in substance and reversed or modified only to the extent of striking out the injunction and the order of reference, both of which were incidental to the main relief granted. The plaintiffs held the substantial part of their judgment, but failed to hold two remedies provided to aid in enforcing it. Their judgments for costs against the defendants in the state courts were not disturbed by the Federal court, which did nothing except to strike out the remedies above mentioned and award certain costs to the plaintiffs in error.

The respondents claim that the award of costs to them was general and entitled them to recover from the appellants the same amount of costs for the same services in the same courts which the appellants had previously recovered against the respondents and which the Supreme Court of the United States allowed to stand. This view has thus far prevailed, but against the dissent of two of the learned justices of the Appellate Division. We have already held otherwise. When the record passed through this court on its way from the Supreme Court of the United States to the Supreme Court of the state we directed the latter " to render judgment herein in conformity with the said mandate and the opinion referred to therein, without costs in this court." No motion has been made to modify that order in any respect. Both parties have acquiesced in it, and, as it stands, it is binding not only upon them, but also upon ourselves. It is an adjudication that the Supreme Court of the United States did not reverse or modify, with costs to the plaintiffs in error, generally, but

only with costs in that court, for it is obvious that if costs were allowed in any state court they were allowed in the Court of Appeals also.

Costs cannot be taxed unless they have been duly awarded, and they can only be awarded in pursuance of the provisions of some statute. (*Equitable Life Assur. Soc.* v. *Hughes*, 125 N. Y. 106–108.) As no costs for proceedings in the state courts were allowed to the respondents by the Federal court, and none were allowed by this court on the passage of the mandate through it, it follows that their right to the costs in question must depend upon the award made by the order of the Special Term when the mandate and remittitur were presented to it. Thus we reach the question as to the power of the Special Term to award costs under the circumstances of this case. Our review is confined to the question of power, for we have no control over the question of discretion in exercising the power. We think no such power exists. There is no statute which expressly confers it and none from which it can fairly be implied, for it is opposed to the spirit of those provisions of the Code which govern the award of costs. (Code Civ. Pro. §§ 3228–3250.) There is no flexibility in the rule relating to costs in actions at law, for nothing is left to the discretion of the court. In actions in equity, however, " the court may, in its discretion, award costs to any party, upon the rendering of a final judgment." (Id. § 3230.) This does not extend to the allowance of costs to both parties, for the same services, in the same court. Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court. The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault. It would, therefore, be unreasonable to hold that the statute

impliedly confers the power to award the same costs in favor of and against each party, not only because it would be the same in effect as allowing costs to neither, but also because it violates the theory upon which costs are allowed. *Victus victori in expensis condemnanandus est.* While costs are frequently allowed to both parties, or to many parties, payable out of a fund, "the general rule is that the successful party, although he may be denied costs, never pays them." (*Couch* v. *Millard*, 41 Hun, 212–215; Dan. Ch. Pr. 1483; 2 Barb. Ch. Pr. 323; 5 Encyc. Pl. & Pr. 186.) The plaintiffs succeeded so far as the chief object of the action is concerned, but having obtained certain relief to which they were not entitled the error was corrected by the Supreme Court of the United States, with costs to the defendants in that court, which are not contested. As the plaintiffs succeeded upon the main controversy, and the award of costs in their favor on that account still stands, the same costs cannot be awarded to the defendants without subverting the general rule governing the subject. The plaintiffs, for instance, having recovered the costs of the last appeal to the General Term by a judgment which has not been disturbed in that respect, cannot be deprived of their right to those costs, for the judgment is an adjudication that they were entitled to the costs of that court and that the defendants were not. So long as the judgment stands it is conclusive upon the question. An award of the same costs to the defendants would, in effect, deprive the plaintiffs of the benefit of their judgment without their consent. The Code, as we read it, does not permit an award to the defendants and against the plaintiffs of the identical costs which, by a valid judgment rendered upon appeal in the same action, the plaintiffs have already recovered against the defendants.

If a new trial had been granted by the Federal court, or if there were no judgments for costs in favor of the plaintiffs, standing undisturbed by the action of the various appellate courts through which they have passed, a different question would be presented, but with those judgments in force, we

think the Special Term had no power to award the costs under consideration to the defendants. It follows that the defendants are entitled to no costs except the sum of $1,047.70, awarded by the Supreme Court of the United States.

The judgment of the Appellate Division should be reversed, and that of the Special Term modified by striking therefrom all costs to the respondents, except those allowed by the Supreme Court of the United States, and as thus modified affirmed, with costs to the appellants in this court and in the Appellate Division.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment accordingly.