In the Matter of the Estate of ELISE WOLKE, Deceased.

Surrogate's Court, Kings County, April 24, 1935.

*Hutton & Holahan*, for the administrator.

*Samuel Orr*, for William H. Wolke, objectant.

*Joseph A. Kennedy*, referee.

WINGATE, S.   The basic theory underlying the entire question of costs is that they " are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding." (*Stevens* v. *Central Nat. Bank*, 168 N. Y. 560, 566.)

In view of this principle, it is a primary rule " that the successful party, although he may be denied costs, never pays them." (*Stevens* v. *Central Nat. Bank, supra.*)

While under section 276 of the Surrogate's Court Act the source of the payment of such costs as may be awarded is discretionary with the court, it would appear obvious that this discretion should be exercised in consonance with the noted elementary bases underlying the entire subject.

In the case at bar there is the picture of a small intestate estate of which adult children are the sole distributees.   One of their number, as has been demonstrated on the record before the referee, deliberately set about making all trouble possible in the administration of the estate.   As the climax of his course of action, he interposed sixteen objections to the account of the administrator, including such absurd trivialities as the payment of ten dollars and ten cents to an official stenographer of this court for minutes of testimony in a discovery proceeding, and the failure to file vouchers where no demand therefor under section 263 of the Surrogate's Court Act has ever been made.

By reason of his acts, it became necessary to send the case to a referee for trial.   The result of the hearings was the complete dismissal of all objections by the referee, who, although an exceptionally patient and kindly gentleman, somewhat pointedly characterized the unmerited obstructive tactics of the objector.   This report has been confirmed.

The costs of this gratuitously obstructive action of the objector amount to $415.12, and the question is presented as to the source from which this sum should be taken.   Under section 276 of the Surrogate's Court Act, it " may be made payable by the party personally, or out of the estate or fund, or out of the share or interest therein of any person * * * as * * * justice requires." Obviously, the sole present alternatives are whether it should be paid by the objector, either personally or from his share of the estate, or should be assessed against the estate as a whole.

Were the second alternative to be adopted, it would amount in practical effect to an assessment of one-third of the amount against each of the three distributees.   The administrator-distributee, and the sister who interposed no objections, thereby in effect joining in the prayer of the petition for the settlement of the account, have

been wholly successful in the litigation precipitated by the objector, and, therefore, on the basic theory of costs above noted, should not be penalized for his improper and gratuitously obstructive acts. He alone has caused the expense, and if he prefers to spend his money in that way, should not be denied the privilege. (*Matter of Rogers*, FOLEY, S., 127 Misc. 428, 432; affd., 220 App. Div. 834; *Matter of Sloat*, 143 Misc. 170, 172.)

The decree will accordingly provide that the costs will be payable from the distributive share of the objector.

Enter decree on notice.