In the Matter of the Application of JOSEPH H. MULLER to Enforce
an Attorney's Lien.

JOSEPH H. MULLER, Appellant; KATE JONES, Respondent.

First Department, December 27, 1935.

*Henry Muller* of counsel [*Joseph H. Muller* with him on the brief; *Adolph Feldblum*, attorney], for the appellant.

*Samuel W. Dorfman* of counsel [*Schiff, Dorfman & Stein*, attorneys], for the respondent.

MARTIN, P. J. On March 22, 1933, the appellant was retained by the respondent after she had found prior attorneys unsatisfactory in conducting litigation involving her dower rights. The retainer provided that his compensation was to be the reasonable value of the services rendered. In June, 1934, in response to respondent's request, appellant rendered a bill covering his services up to that time in the sum of $13,750. A qualifying letter stated that this amount was to be increased, depending upon final results. The respondent had theretofore paid a total of $3,500, for which sum

credit was given upon the bill, leaving a balance of $10,250. Although appellant continued to act as respondent's attorney, differences arose between the parties as to the amount due him for his services, the respondent taking the position that the $3,500 already paid was ample compensation. In November, 1934, the appellant, pursuant to section 475 of the Judiciary Law, initiated this proceeding to have determined and enforced his lien for services rendered. In his petition he set forth that his services were of the fair and reasonable value of $20,000. The matter was referred to a referee to take proof of the value and to report with his opinion. At the first hearing before the referee a *stipulation* was entered into between the parties which provided that the court should fix and determine the compensation of the referee for his services and that each party would pay for his separate carbon copy of the stenographer's minutes and, *in addition, would pay one-half of the charge for the original furnished to the referee and that the charge for the original should be taxable as a cost of the reference.* Before the referee the appellant requested a total of $23,000. In the opinion of the referee the value of all of the services was $8,000, from which the $3,500 paid was to be deducted, leaving balance due of $4,500, plus disbursements of $30. Upon the coming in of the referee's report, the court at Special Term modified the same by fixing the value of the services at $9,000 and awarded the appellant a lien of $5,805, representing the unpaid balance, plus interest and disbursements.

The order modifying the report of the referee and fixing the appellant's lien provides that the appellant pay one-half of the referee's fee, which was fixed at $1,500. This court is now asked to review that order in so far as it directs the appellant to pay one-half of the referee's fee, and also in so far as it fails to reimburse the appellant in the amount of $263.55 advanced by him pursuant to the stipulation on account of the referee's copy of the testimony.

Under the provisions of the order appealed from the appellant's share of the expenses of the reference is $1,013.55. He properly contends that he was the prevailing party and that in charging him with his portion of the expenses of the reference the court at Special Term abused its discretion. Although section 1492 of the Civil Practice Act provides that costs in a special proceeding may be awarded to any party in the discretion of the court, it was pointed out in *Couch* v. *Millard* (41 Hun, 212) that " this discretion must be exercised in accordance with the rules and well settled principles applicable * * *. The general rule is that the successful party, although he may be denied costs, never pays them." This was reiterated with approval by the Court of Appeals in *Stevens* v. *Central National Bank* (168 N. Y. 560, at p. 567).

In *Ward* v. *Ward* (67 App. Div. 121) this court had before it an order charging an attorney with costs and disbursements in a proceeding to ascertain the amount due him for services rendered. There the attorney claimed an agreement under which he would have been entitled to receive $17,700 as compensation for his services; he failed to satisfy the referee as to the existence of the agreement, but the referee found that the value of his services was $300, and a lien was awarded for $242, the unpaid balance. The report of the referee was confirmed and costs of the reference were awarded against the attorney. In reversing this award, Mr. Justice HATCH, writing for the court, said:

" That he had a lien over and above all payments to the extent of $242 was found by the referee, and that there existed a lien at the time the proceeding was instituted was practically conceded by the plaintiff. When, therefore, the plaintiff's (*sic*) lien was found to exist for a substantial amount, he was the prevailing party in the proceeding, and the fact that he had failed to establish a right to receive, or to have a lien upon the papers for the whole amount of his claim did not change such result. Had the plaintiff desired to place the attorney in default for refusing to surrender the papers on demand, she should, before instituting the proceeding, have offered to pay the amount of the lien, or the sum to which the attorney was fairly entitled.

" This she did not do; there was no offer to pay the attorney anything, either prior or subsequent to instituting the proceeding, and as he was found entitled to receive from the plaintiff a substantial sum, he is to be regarded as the prevailing party upon the issues presented. There was, therefore, no authority to charge the attorney with the costs of the proceeding, as he was entitled not only to receive the amount of his lien as established, but was also entitled to receive such costs and disbursements as were properly chargeable therein. * * *

" It is true that by the provisions of section 3240 costs are in the discretion of the court; yet it is equally true that such discretion will not be exercised against a party who has prevailed upon the issue, which, as we have seen, was the case here."

The appellant here was compelled to institute this proceeding by reason of the uncompromising attitude of the respondent. She insisted the amount already paid was ample compensation. Had she evidenced a willingness to pay anything over and above that amount, it might be found that this proceeding was not necessary and thus she could have avoided costs. She made no offer to pay the attorney anything either prior to or subsequent to the institution of the proceeding. On the issue as presented the appellant

was the prevailing party and as such may not be charged with any portion of the costs.

The order so far as appealed from will be modified by striking out the provision covering payment by the appellant of one-half of the referee's fee and by inserting therein a provision awarding costs to appellant, and as so modified affirmed, with twenty dollars costs and disbursements of this appeal to the appellant.

MERRELL and McAVOY, JJ., concur; O'MALLEY and UNTERMYER, JJ., dissent, and vote for affirmance.

O'MALLEY, J. (dissenting). The discretion vested in the court under the provisions of section 475 of the Judiciary Law and section 1492 of the Civil Practice Act seems to us to have been properly exercised. The appellant attorney opposed sending the matter to an official referee and thus avoiding payment of fees. The respondent asked specifically that the matter be referred to an official referee.

In the case of *Ward* v. *Ward* (67 App. Div. 121), relied upon by the appellant, all costs were imposed upon the successful party.

In *Couch* v. *Millard* (41 Hun, 212) costs were awarded to both parties and the court merely held that in such a case the unsuccessful party should not be awarded costs payable out of the recovery of the successful party. It was expressly recognized that this was not an absolute rule. The court, however, stated that in the circumstances presented nothing was called to attention which would justify the awarding of costs to the unsuccessful party.

Here the attorney finally presented a claim in the sum of $23,000. He was allowed but $9,000. Therefore, neither party was entirely successful.

Section 1492 of the Civil Practice Act provides that costs " may be awarded to any party, in the discretion of the court." To follow rigidly the broad rule of the cases relied upon by the appellant would result in depriving the court of all discretion under any circumstances to award costs to a party who had sustained his position in part, though not entirely. A discretion so circumscribed would cease to be discretion.

It follows, therefore, that the order should be affirmed, with costs to the respondent.

UNTERMYER, J., concurs.

Order, so far as appealed from, modified by striking out the provision covering payment by the appellant of one-half of the referee's fee and by inserting therein a provision awarding costs to appellant, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.