In the Matter of the Estate of CAROLINE MAY, Also Known as CAROLINE MAJ, Deceased.

Surrogate's Court, Kings County, September 18, 1936.

*Strauss & Abrahams*, for Daniel May, as executor, etc., petitioner-accountant.

*Daniel Mc Namara, Jr.*, for the respondent-claimant, Elizabeth May, as administratrix c. t. a., etc., of Isaac May, deceased.

*Nicholas Howard Pinto*, special guardian for Rebecca May, an incompetent person, distributee of the estate.

WINGATE, S. The present motion seeks the " striking out, expunging, rejecting and disallowing " of two certain claims of Elizabeth M. May, administratrix c. t. a. of the estate of Isaac May, deceased, and objections to the petitioner's account which are based thereon, " on the ground that the said claim and supplemental claim on their face are barred by the Statute of Limitations." The first claim is in the sum of $37,416.69, and the second in that of $1,684.

The court has already expressed its opinion on the merits, respecting the invalidity of the first claim (*Matter of May*, 160 Misc. 640), wherefore its inclusion in the present motion would appear to be of doubtful propriety.

It is of course primary that it is not only the right but the duty of an estate fiduciary to interpose any available defense to a claim (*Matter of Schrier*, 147 Misc. 539, 540; *Matter of Lanza*, 149 id. 95, 97), including that of outlawry by reason of expiration of the statutory period for enforcement. (*Butler* v. *Johnson*, 111 N. Y. 204, 211.)

The pertinent facts as disclosed by the record demonstrate that the present decedent died on July 17, 1925. For some time prior to her death her daughter had been an incompetent, and the testator of the claimant, who was a brother of the incompetent and a son of testatrix, had expended various sums for her support, which are alleged to have aggregated a total of $22,998.94, to which the claimant adds interest of $14,417.75, making the aggregate face of the original claim as presented of $37,416.69.

The testator of the claimant was named as an executor in the will of his mother, the present decedent, and according to the unrefuted allegations of the record took upon himself the management of her estate without offering the will for probate. He died on December 10, 1933.

After his death the present accountant presented the will for probate, procured the issuance of letters to himself on March 22, 1934, ard proceeded with the orderly administration of the estate.

On August 16, 1935, the claimant, as administratrix c. t. a. of Isaac May, filed a claim against the estate of the present decedent for the hereinbefore noted sum of $37,416.69. This was promptly rejected.

Shortly thereafter the present accountant filed his accounts with a petition for their judicial settlement, and duly served citation in that proceeding upon the claimant. She appeared and filed objections to the account on the ground of the disallowance of her claim.

Thereafter, and on or about December 31, 1935, the claimant filed with the accountant an additional purported claim, designated " supplemental claim," which reiterated the previous claim for $37,416.69 and asserted an additional obligation of $1,684 for sums alleged to have been expended on behalf of this decedent, the last item of such expenditure having been made on July 17, 1926. Purported amended and supplemental objections were thereupon filed by the claimant based additionally upon this further demand.

As the court views the matter, a differentiation must be made between the various items composing the alleged net claim for $1,684. The itemization of the claim indicates gross expenditures of $1,841.50, which are classifiable as follows: Nurse and hospital expenses prior to decedent's death, $662.50; nurse, hospital and

doctor's bills paid subsequent to death, $325.75; funeral expenses and footstone, $735.75; paid to clergyman on unveiling of footstone one year after death, $15; and legal expenses, $102.50. As against these gross expenditures, credits aggregating $157.50 are shown, comprising $87.50 received from lodge hospital and sick benefits; $20 " cash from mother's estate," and, on September 14, 1925, proceeds of sale of mother's dresser, $50.

As to the expense of $662.50 paid prior to the death, viewing the matter in the light most favorable to the claimant, there arose, at best, an implied obligation on the part of the decedent for repayment, which matured, according to the dates in the proof of claim, not later than July 14, 1925. As to the alleged expenditures of like nature, totalling $325.75, paid after the death, the claimant's testator was merely a volunteer, since no implication of promise by a person deceased can be presumed. The positions of the payor in respect to such claims could, therefore, not be superior to those of the persons whose claims he paid, although he might well be deemed subrogated to their rights in equity. Since, however, by reason of the nature of these claims, they must all have accrued prior to the date of death, the latest date of accrual of a cause of action thereon must be deemed to have been July 17, 1925. The expenditures for services of a clergyman a year after the date of decease cannot be deemed to have been a funeral expense, as it was not cotemporaneous with the funeral (*Matter of Smallman*, 138 Misc. 889, 894, 895), and must accordingly be classed as a mere gratuitous and uncompensatable expenditure by a volunteer. The same applies to the alleged payment for legal expenses. There remains, therefore, merely the alleged expenditure of $735.75 for funeral expenses, which will be considered later.

Whereas some purported reliance for substantiation of the original $37,000 claim was placed on an alleged agreement of the testatrix to pay for the maintenance of the incompetent, no proof of this variety was forthcoming, and the main contention of the claimant was based upon the alleged obligation of a mother for the support of an incompetent adult daughter. In either event, however, this claim was predicated solely upon a contract, express or implied, which matured as an actionable obligation prior to the death of the testatrix on July 17, 1925.

Summarizing the elements of the decedent's claims, therefore, the following appears: the obligation of the decedent on the $37,000 claim, if any, matured on or before July 17, 1925.

In respect to the claim for $1,684, $117.50 thereof was the payment of a volunteer which is not recoverable (*McNamee* v. *Zimmett*, 207 App. Div. 60, 62; affd., 239 N. Y. 602; *Flynn* v. *Hurd*, 118 id.

19, 26; *National Bank* v. *Board of Supervisors,* 106 id. 488, 494; *Vanderbeck* v. *City of Rochester,* 46 Hun, 87, 91; *Matter of Welton,* 141 Misc. 674, 684); $662.50 was paid under an implied obligation of the decedent for reimbursement, which matured not later than July 17, 1925, and the claim to repayment of $325.75 arises merely by reason of subrogation to the rights in *quantum meruit* of others, which matured at or before the last named date. The final item of $735.75 is based on a subrogation to the rights of the under-taker for payment of funeral expenses.

Disregarding for the moment the last item, it is apparent that all of the sums claimed, which possess any semblance of having been valid at any time, were enforcible as obligations against the decedent on contracts either express or implied on July 17, 1925. Under ordinary circumstances, except for the death of the testatrix, they would have become barred by operation of the six-year Statute of Limitations on July 17, 1931. (Civ. Prac. Act, § 48, subd. 1.)

The question is, therefore, presented as to the effect produced by the death of the testatrix and the failure to obtain letters of administration upon her estate until March 22, 1934.

This situation receives express statutory attention in section 21 of the Civil Practice Act, which is captioned, " Effect of death of person liable," and reads: " The term of eighteen months after the death within this State of a person against whom a cause of action exists * * * is not a part of the time limited for the commence-ment of an action against his executor or administrator. If letters testamentary or letters of administration upon his estate are not issued within this State at least six months before the expiration of the time to bring the action, as extended by the foregoing pro-vision of this section, the term of one year after such letters are issued is not a part of the time limited for the commencement of such an action."

It is well established that " where the statute begins to run in the lifetime of the testator it does not cease to run between death and the issuing of letters except by force of some positive legal provision." (*Adams* v. *Fassett,* 149 N. Y. 61, 68; *Sanford* v. *Sanford,* 62 id. 553, 556.)

Under the usual operation of section 48 of the Civil Practice Act, the six-year period of limitation on the valid claims other than for funeral expenses would have expired, as noted, on July 17, 1931. To this period, section 21 adds an arbitrary time of eighteen months, wherefore, by operation of the first sentence of this section only, the time within which action on these claims might have been brought was extended to a date not beyond January 17, 1933.

Since, however, letters testamentary upon the estate were "not issued  *  *  *  at least six months before the expiration of the time to bring the action," in other words, since in this case letters had not been issued by July 17, 1932, the second sentence of section 21 becomes applicable, and the claimant is given the further term of one year after the issuance of such letters within which to commence the action. Since letters were issued on March 22, 1934, it follows that the time within which the claimant might bring action on any part of her claims except those for funeral expenses, expired on March 22, 1935.

No matter whether it be held that presentation of a proof of claim to the executor is sufficient compliance with the requirements of the statute respecting institution of an action, or whether the diverse view be accepted that an actual court proceeding is requisite in this regard, it is obvious that the action of the claimant in connection with all portions of her demands, except that for payment for funeral expenses, was not timely. Her first proof of claim was not presented until August 16, 1935, which was six days short of five months beyond the utmost extension of time for action permitted by the statute and her objections were not filed until some months later. The presentation of her second claim was delayed for over four months after the presentation of the first. It follows that all of her claims with the exception of that for reimbursement for funeral expenses were barred when presented. (Sanford v. Sanford, 62 N. Y. 553, 555; Hall v. Brennan, 140 id. 409, 412; Riley v. Riley, 141 id. 409, 413; Church v. Olendorf, 49 Hun, 439, 443.)

With respect to the claim for funeral expenses, a different situation prevails. This was not a debt of the decedent (Matter of Vitelli, 146 Misc. 17, 19), but of her estate, which had no legal existence until the appointment and qualification of a representative thereof. By section 216 of the Surrogate's Court Act the obligation for the payment of funeral expenses is imposed on the estate fiduciary, and in the absence of an express contract they ordinarily do not rest upon any other person.

It is the usual policy of the law that a cause of action can not accrue until there is a person in being against whom it can be brought. It follows, therefore, that the period of limitation on a claim of this variety does not begin to run until the qualification of the estate representative. (Sanford v. Sanford, 62 N. Y. 553, 556.) In the present case, therefore, this claim is not barred both by reason of the fact that it was interposed well within the six-year period of limitation after the qualification of the executor and because section 216 of the Surrogate's Court Act grants an express preference to such a claim.

The court has somewhat extended its discussion of the questions involved in this proceeding in the hope that this full expression of its views and the authorities which it deems pertinent will be helpful in the avoidance of further fruitless and acrimonious litigation. Since it has transgressed this far, it may further observe that whereas it deems the payment of the claim for funeral expenses obligatory unless it can be demonstrated to be inordinately high, it would, on the facts of the case as they are claimed by the accountant to exist, deem an addition of interest thereto improper for any period prior to December 31, 1935. That there may be no misunderstanding on this score, the facts upon which this opinion is based will be stated, namely, that claimant's testator was a son of the decedent and that from the time of her death up to that of his own, he undertook and actually did administer the affairs of her estate, although without compliance with the usual legal requirements for action in this regard. Under such circumstances it would be a natural inference that he had elected either to defray these expenses personally, or had paid them from the assets of which he had taken control. In any event, his action in refraining from probate of the will in which he was named as executor should be sufficient to estop him from claiming damages for the non-payment of this obligation, since he himself was directly responsible for such failure. If such a situation actually exists, it would be the opinion of the court that an actual demand for payment, which was first made on December 31, 1935, would be necessary to start the running of interest on the claim.

Enter order on notice in conformity herewith.