JOSEPH SCHMUCKLER, Appellant, *v.* " ROSE " GREEN, First Name " ROSE " Being Fictitious, Party Intended Being Wife of BARNET GREEN, Respondent, and BARNET GREEN and SOL KRANASS, Copartners Trading under the Firm Name and Style of KRANASS & GREEN, Defendants.

Third Department, January 14, 1937.

*Lazarus I. Levine,* for the appellant.

*Wiess & Costa [Bernard Wiess* of counsel], for the respondent Katie Green, sued as " Rose " Green.

HILL, P. J. Plaintiff appeals from an order and judgment whereunder he is required to pay costs to Katie Green, who originally was joined with her husband and one Kranass as defendants. The action was brought against them as copartners to recover the agreed price of goods, wares and merchandise. All of the defendants united in one answer and were represented by one firm of attorneys. At the opening of the trial, plaintiff's counsel asked to discontinue the action as against Katie Green, without costs, saying that he was not prepared to prove that she was a member of the copartnership. The motion to discontinue was

granted, but costs to the amount of seventy-eight dollars and twenty-five cents were allowed over plaintiff's objection and exception. Upon the trial plaintiff recovered a judgment including costs against the other defendants.

The right to costs in this case is governed by section 1476 of the Civil Practice Act. It reads: " Where, in an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of the defendants are entitled to costs, of course. In that case, costs may be awarded in the discretion of the court to any defendant against whom the plaintiff is not entitled to costs, where he did not unite in an answer, and was not united in interest, with a defendant against whom the plaintiff is entitled to costs."

Plaintiff properly recovered costs against respondent's two codefendants and under the first sentence of the section she was not " entitled to costs, of course." Under the last sentence of the section she was entitled to costs only in the event that she " did not unite in an answer, *and* was not united in interest, with a defendant against whom the plaintiff is entitled to costs." The " and " in the last quotation is conjunctive, and thus, while she was not " united in interest," she did " unite in an answer " with " a defendant against whom the plaintiff is entitled to costs." Had there been no discontinuance and had respondent prevailed upon the trial wherein plaintiff obtained a judgment against the other defendants, she would not have been entitled to costs. (*Reade* v. *Halpin*, 180 App. Div. 161.) The only authority which I find that sustains the decision here made is *Stevens* v. *Hush* (107 Misc. 353, 357). The opinion in that case cites *Jaffray* v. *Goldstone* (62 Hun, 52) and *Reichert* v. *Walter* (80 Misc. 402). Neither of the cited cases involves the question here presented. In each there was only one defendant. *St. John* v. *Hart* (16 How. Pr. 192), also relied upon by respondent, dealt with the allowance of costs where there had been delay in asking to discontinue an action after infancy had been pleaded in the answer.

This is an action at law. Costs are not discretionary. (*Friedman* v. *Blauner*, 227 N. Y. 327, 333.) There is no flexibility in the matter of costs in an action at law. Nothing is left to the discretion of the court. (*Stevens* v. *Central National Bank*, 168 N. Y. 560, 566.) Costs may be allowed only where there is a statute authorizing the allowance. (*E. L. A. Society* v. *Hughes*, 125 N. Y. 106; *Stevens* v. *Central National Bank*, *supra*, p. 566.) There is no statute under which costs may be allowed to respondent in this case.

The judgment and orders should be reversed on the law, with costs.

McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment and orders reversed on the law, with costs.