In the Matter of the Estate of KATE LEARY, Deceased.

Surrogate's Court, Kings County, October 16, 1939.

*James H. Gilvarry*, for Mary C. Carson, as executrix, etc., respondent.

*William C. Chanler, Corporation Counsel* [*Joseph G. DeVito* of counsel], for William Hodson, commissioner of welfare of the city of New York, claimant.

WINGATE, S. The sole question which has been raised upon the present motion to confirm the painstaking and extremely satisfactory report of the learned referee is whether or not the costs of the proceeding should be imposed upon the unsuccessful claimant who precipitated the proceeding, and the validity of whose demand was the sole issue tried.

The proof indicates, and the referee, Cyrus S. Jullien, Esq., has found, that the claim was presented prior to the expiration of seven months from the date of letters. It was never formally rejected, although an inferential rejection may be deduced from the allegations of the account.

It appears from the account that all assets of the estate have, in fact, been distributed, but in view of the timely presentation of the claim, its situation is precisely the same in equity as if no such distribution had taken place. The question for decision is, therefore, in essence as to whether a not inconsiderable portion of the meagre assets of this estate shall be diverted from the persons legally entitled thereto for the purpose of indemnifying the claimant for the expenses incurred in its unsuccessful assault upon their rights.

That the adoption of such a course would be in contravention of the primary principles of costs, even a cursory examination of pertinent precedents will disclose. It has repeatedly been determined that " Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court. The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault, * * * *Victus victori in expensis condemnatus est.*" (*Stevens* v. *Central National Bank*, 168 N. Y. 560, 566. See, also, *Matter of Wolke*, 155 Misc. 235, 236; *Matter of Manzi* [*Tietjen*], Id. 670, 672; *Matter of Lyons*, 160 id. 429,

430; *Matter of Curley*, 161 id. 391, 396; *Matter of Friedman*, 166 id. 664, 668; *Matter of Chambers*, 169 id. 124, 126.)

The wholly unsuccessful claimant, however, urges that this rule should not be applied to it. The premises for its conclusion are, *first*, that the allowance of costs in the Surrogate's Court is discretionary; *second*, that its claim was prosecuted in good faith; *third*, that the administratrix, in the defense of the claim on behalf of the distributees toward whom she stood in a position of trust, insisted on the establishment of all of the elements of the claim by strict legal proof; and *fourth*, that the claimant is the city of New York.

The first of these positions, namely, that the court is accorded a discretionary authority in the award of costs by the express language of section 278 of the Surrogate's Court Act, is uncontrovertible. It must be recollected, however, that this discretion is not absolute, but merely of a judicial nature and that it " must be exercised in accordance with the rules and settled principles applicable to the subject, and they cannot be awarded or withheld as suits the caprice of the trial court." (*Couch* v. *Millard*, 41 Hun, 212, 214. See, also, *Matter of Muller*, 245 App. Div. 689, 690; *Husted* v. *Van Ness*, 1 id. 120, 122; *Matter of Wolke*, 155 Misc. 235, 236; *Matter of Manzi* [*Tietjen*], Id. 670, 673.)

No precedent has been called to the attention of the court in which the question of good faith in the prosecution of an action has been deemed a relevant factor in the assessment of costs, and it is familiar with no rule of law making it so, with the single express exception, contained in section 278 of the Surrogate's Court Act, which authorizes an award of costs to an unsuccessful contestant of a will in cases in which he acted in a fiduciary capacity and prosecuted the contest in good faith. The express inclusion of this limited authorization under strictly specified conditions raises some inference that in other connections the question of good faith is not to be deemed a material circumstance in this regard.

The third premise of the argument, predicated on the insistance of the administratrix that the claimant furnish strict legal proof of its asserted obligation, is legally invalid. It was not only her right, but her legal obligation, so to do. (*Butler* v. *Johnson*, 111 N. Y. 204, 211; *Matter of May*, 160 Misc. 497, 499; affd., 255 App. Div. 31; *Matter of Schrier*, 147 Misc. 539, 540; *Matter of Lanza*, 149 id. 95, 97.)

This leaves for evaluation only the argument that the court should exercise its judicial discretion to penalize the beneficiaries of this estate for the unsuccessful assault on their rights, because

such attack was made by the city of New York. No precedent has been cited which indicates that any other tribunal has accorded it the asserted privilege. This absence is the more noteworthy, by reason of the familiar fact that it is the most frequent and active litigant in the courts in this section of the State..

The sole question presented for determination, therefore, is whether the mere fact that the claimant in this case was an instrumentality of the city of New York, furnishes a sufficient ground to justify this court, in the exercise of its judicial discretion, in declaring it to be immune to the usual consequences of a wholly unsuccessful attack on the rights of individual citizens and in imposing upon the latter the expense of a defense thereof.

It is, of course, a well-established principle that surrogates should exercise the authorities which have been accorded to them in a manner similar to that in which like powers are exercised by other tribunals. (*Matter of Ashner*, 231 App. Div. 127, 130; *Matter of Manzi* [*Tietjen*], 155 Misc. 670, 677; *Matter of Rosenberg*, 157 id. 490, 494; *Goulburn* v. *Sayre*, 2 Redf. 310, 311; *Cluff* v. *Tower*, 3 Dem. 253, 254; and see Surr. Ct. Act, § 20, subd. 6.) The application of this principle is of especial importance in those situations in which a clear option for the selection of tribunals is accorded to a prospective litigant, since only in this way may a jockeying for procedural advantage be avoided.

In the present case the asserted claim was of a purely legal nature. Since its rejection by the administratrix did not occur until the institution of the proceeding for judicial settlement, the claimant was accorded an absolute right to elect to prosecute it in a court of general jurisdiction within thirty days thereafter. (Surr. Ct. Act, § 211, as amd. by Laws of 1938, chap. 446.) Had it availed itself of this privilege, and had the result in the litigation been the same as that which has actually eventuated, its obligation to pay costs would have been uncontrovertible, since in the Supreme Court " there is no flexibility in the matter of costs in an action at law." (*Schmuckler* v. *Green*, 249 App. Div. 342, 343; *Friedman* v. *Blauner*, 227 N. Y. 327, 333.)

Even were costs discretionary in the Supreme Court in actions at law, as they are in proceedings in equity, the result of imposition of costs upon it would have been inevitable since it is primary " that such discretion will not be exercised against a party who has prevailed upon the issue." (*Ward* v. *Ward*, 67 App. Div. 121, 125.) " The general rule is that the successful party, although he may be denied costs, never pays them." (*Couch* v. *Millard*, 41 Hun, 212, 215; *Matter of Muller*, 245 App. Div. 689, 690; *Stevens* v. *Central National Bank*, 168 N. Y. 560, 567.)

There is no sound reason why any litigant should be accorded privileges or immunities by reason of its selection of the Surrogate's Court as a forum, which would be denied in like litigation in a court of general jurisdiction.

*Matter of Corbin* (101 App. Div. 25, 28), which is the sole precedent tendered as a contrary authority, is not in point. There a number of issues were raised in the objections to the account, in respect of several of which the party against whom costs were assessed was successful. There is a plethora of authority to the effect that under such circumstances a complete assessment of costs against a partially successful litigant is improper. (*Couch* v. *Millard*, 41 Hun, 212, 215; *Barnes* v. *Midland R. R. Terminal Co.*, 218 N. Y. 91, 105.) In the present instance the claimant was wholly unsuccessful, wherefore the principle is inapplicable.

It follows that a failure to award the present distributees indemnification for the expense imposed upon them by the claimant would constitute an abuse of discretion which this court would obviously be unwilling to perpetrate.

The report of the learned referee will be confirmed and the claim of the objector will be dismissed, with costs.

Enter order on notice in conformity herewith.