In the Matter of the Estate of HENRY ESTRICHER, Deceased.

Surrogate's Court, New York County, January 29, 1952.

432

*Nathan Waxman* for Manufacturers Trust Company, as trustee under the will of Henry Estricher, deceased, petitioner.

*George A. Spiegelberg* for Martha V. Epstein, individually and as trustee, and others, respondents.

FRANKENTHALER, S. The corporate trustee brought this proceeding to have the court fix and determine the compensation of its attorneys for legal services rendered and for reimbursement of disbursements incurred in resisting an application by the life tenant and two remaindermen to remove the trust company as one of the testamentary trustees of the estate. Although the application for removal was denied, the court stated that '' The corporate trustee was remiss in the performance of certain of its trust duties and the court does not condone its acts.'' (*Matter of Estricher,* N. Y. L. J., June 1, 1950, p. 1944, col. 1.) Upon the submission of the decree the trust company sought to have taxed out of the estate a bill of costs amounting to $1,320 and disbursements of $140.73 both of which were disallowed. Among the items included in the bill of costs were the following: '' Days occupied in trial or hearings, less adjournments (4 days) — $100. Days necessarily occupied in otherwise preparing for trial (46) days — $1,150.'' In support thereof was annexed an affidavit of services of an attorney associated with the firm representing the corporate fiduciary. The present application requests the sum of $5,000 for legal services alleged to have been rendered on 119 days and $417.56 for disbursements incurred in the same removal proceeding.

The applicable provision of section 278 of the Surrogate's Court Act, pursuant to which petitioner sought to have costs and disbursements awarded to it at the termination of the former proceeding reads as follows: '' The surrogate, upon rendering a decree, * * * may, in his discretion, fix such a sum as he deems reasonable, to be allowed as costs, to the petitioner, and to any other party who has succeeded in a contest ''. A successful party to a contest, including the estate representative,

does not have an absolute right to the allowance of costs but merely in the court's discretion exercised in accordance with the rules and well-settled principles applicable. (*Couch* v. *Millard,* 41 Hun 212, 214; see, also, *Matter of Muller,* 245 App. Div. 689, 690; *Husted* v. *Van Ness,* 1 App. Div. 120, 122; *Matter of Wolke,* 155 Misc. 235, 236; *Matter of Manzi* [*Tietjen*], 155 Misc. 670, 673, and *Matter of Otis,* 126 Misc. 741, 748.)

In this application the estate representative relies on sections 231-a and 279-a of the Surrogate's Court Act. The latter section authorizes a testamentary trustee to pay for the reasonable, necessary and proper legal services rendered to it in any proceeding in the Surrogate's Court in excess of costs and allowances as costs. The provision was intended to permit a fiduciary to pay for legal services rendered when awarded costs are insufficient to compensate for the services performed. The provision is not a justification of a legal fee when costs have been denied in the first instance.

Section 231-a of the Surrogate's Court Act empowers the Surrogate at any time during the administration of the estate to fix and determine the compensation of an attorney for services rendered to the estate or its representative. Petitioner cites *Matter of Bloomingdale* (169 Misc. 968) as authority for the instant application. In that case the executor had failed to submit a bill of costs for taxation at the time of the settlement of the decree in the Surrogate's Court. Thereafter appeals were taken and on the entry in the Surrogate's Court of the decree on remittitur from the Court of Appeals application was made under section 278 of the Surrogate's Court Act for an allowance to the executors' attorneys for services in the Surrogate's Court. The court stated that the only issue for determination was whether or not costs could be awarded for services in the Surrogate's Court when no request for costs had been made at the time of the settlement of the decree. In holding that the decree was conclusive and *res judicata* the court stated (pp. 970–971): " Necessarily the decree, once made, becomes conclusive under the provisions of section 80 of the Surrogate's Court Act. It may be reopened, vacated or modified only upon a showing of fraud, newly discovered evidence, clerical error or other sufficient cause. Where no allowance is sought in the Surrogate's Court, therefore, the decree in the construction proceeding becomes conclusive and may not be subsequently modified. Where complaint is made by the attorney that the allowance was improperly denied by the surrogate or was awarded in an inadequate amount, the sole remedy is by appeal.''

The court granted allowances for services on the appeals and, by way of dictum, apprised the executors' attorneys that they could avail themselves of the provisions of section 231-a of the Surrogate's Court Act in a subsequent accounting proceeding. That case is readily distinguishable from the present one, wherein a timely request was made, considered by the court and disallowed on the merits. The denial of costs in the removal proceeding was not based on any technical, procedural or jurisdictional grounds as in the *Bloomingdale* case but was in the exercise of the Surrogate's discretion. No appeal having been taken, the denial in the removal proceeding was conclusive.

The sole basis for charging the estate with expenses incurred by a fiduciary in resisting removal from office is that the expenditures were made in the course of administration for the benefit of the estate. The criterion is not whether the fiduciary succeeded in avoiding removal. (*Matter of Van Volkenburgh,* 139 Misc. 437, 439.) Retention of office is not in every instance an exoneration from blame. The decisions are replete with examples of fiduciary wrongdoings that resulted in surcharges or denial of commissions without revocation of the fiduciary's appointment. '' The test must be applied to the situation of the accused officer at the time of the commencement of the proceeding. If then there was no ground for the attack upon him, his disbursements made in a successful endeavor to show that no such ground existed should be allowed as an incident to his discharge of a legal duty to the estate.'' (*Matter of Titcomb,* 80 Misc. 612, 613.) Fiduciaries have been permitted to recover costs and allowances for legal services in successfully opposing removal when such opposition was beneficial to the estate. (*Jessup* v. *Smith,* 223 N. Y. 203, 207; *Ellis* v. *Kelsey,* 241 N. Y. 374, 382; *Matter of Otis,* N. Y. L. J., March 25, 1944, p. 1177, col. 3.) In the last-cited case, Surrogate FOLEY stated the rule to be: '' Where unfounded charges are made against a fiduciary or where he successfully resists an unjustified attempt to remove him, he is entitled to reimbursement or payment out of the fund for his reasonable attorneys' fees and other expenses incidental to its exoneration in the contest.'' This court did not consider the charges against the petitioning trustee to be unfounded nor the proceeding for its removal unjustified. The court denied the application to revoke the letters of trusteeship only because it deemed removal not to be to the best advantage of the estate despite the justified criticism of the trustee's conduct. The denial of the application for removal was neither an exoneration of the trustee nor an

implicit finding that the opposition to the application was in the interest of the estate. To the contrary the court considers the opposition of the trustee to have been solely in its personal interest.

The application is denied. All motions to strike out testimony on which decision was reserved at the hearing are denied.

Submit decree on notice.